IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL WAYNE PARSONS,<br><br>　　　　　Defendant. | 4:17CR3038<br><br>BRIEF IN SUPPORT OF MOTION TO COMPEL DEFENDANT TO SUBMIT TO TUBERCULOSIS TESTING |

## FACTS

Michael Wayne Parsons, (Parsons), has been indicted by a federal grand jury seated in the District of Nebraska on charges of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  At the time of his indictment, Parsons was awaiting the disposition of state charges in Tennessee.

On September 1, 2017, Parsons was sentenced to three years in the Tennessee state prison system for failure to appear.  On September 12, 2017, the government filed a Motion for Writ of Habeas Corpus Ad Prosequendum with the United States District Court for the District of Nebraska seeking to have the Court order the retrieval of the defendant from the Tipton County Jail in Covington, Tennessee, where he was incarcerated, for the purpose of bringing him to the federal courthouse in Lincoln, Nebraska, for an initial appearance.  The Motion was granted and a writ was issued commanding that Parsons be taken into federal custody and brought to Nebraska to face charges.  On or about September 27, 2017, Parsons was taken into custody by the United

States Marshals Service and transported to a federal holding facility in Tennessee, to await transfer to the District of Nebraska.

It is the policy of the United States Marshals Service that prior to the movement or transport of a prisoner, the prisoner must be medically cleared. It is also the policy of the United States Marshals Service that such prisoners be medically screened for tuberculosis and other respiratory infectious diseases.

In accordance with the USMS policy, medical personnel at the facility where he was being held attempted to conduct a tuberculosis screening of Parsons. On each and every occasion, Parsons refused to submit to tuberculosis testing.

Because of Parsons' refusal to submit to tuberculosis testing the United States Marshals Service had to make alternate arrangements to transport Parsons to the District of Nebraska where he is currently being held at the Saline County Jail. His continued refusal to submit to such testing has required his placement in segregation to avoid endangering other inmates.

The United States has filed a Motion to Compel Defendant to Submit to Tuberculosis Testing. The United States seeks the Order for the purpose of complying with policies of the United States Marshals Service and to protect other inmates, correctional employees, deputy United States Marshals and court personnel. Based upon his actions to date, it is anticipated the defendant will oppose the instant motion.

## ARGUMENT

Title 28, United States Code, Section 1651, (the All Writs Act), authorizes "courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law." The United States intends to seek continued detention of the defendant at his initial appearance. Assuming the Court grants the government's request for detention, the United States Marshal will be required to transport the defendant to and from court hearings and find a suitable facility to hold him pending further proceedings. He will likely come into contact with court personnel, deputy United States Marshals, correctional employees and other inmates during his detention. Ensuring he is not carrying the tuberculosis contagion is clearly in aid of the Court's jurisdiction.

The Court of Appeals for the Eighth Circuit has addressed the issue of mandatory tuberculosis testing for inmates. The Eighth Circuit has "recognized that prison officials must test prisoners for tuberculosis and treat them with … therapy if they test positive to prevent widespread infection." Lee v. Armontrout, 992 F.2d 487, 489 (8th Cir. 1993), (Section 1983 action brought by state prisoner objecting to mandatory TB testing). Correctional facilities are "high risk environments for tuberculosis infection. Thus, screening and control measures are necessary to prevent outbreaks." DeGidio v. Pung, 920 F.2d 525, 527 (8th Cir. 1990), (Section 1983 action brought by state prisoner arguing the failure to conduct extensive TB training violated his rights).

Of course, it does little good to simply order the defendant to submit to testing if all he has to do is disregard the order. Thus, the United States seeks an Order requiring the defendant to submit to testing for tuberculosis conducted by suitably trained correctional officers, staff members or Deputy United States Marshals **AND**, in the event the defendant refuses to cooperate, authorizing the reasonable use of force to effectuate such

testing. Forcible testing of prisoners does not violate the rights of non-compliant prisoners. McCarthy v. Rose, 986 F.Supp. 464, 468 (SD OH 1998), (Correctional personnel "have a legitimate penological interest in protecting inmates and staff from infectious diseases and … mandatory testing is a reasonable method of accomplishing such goals."); Washington v. Cambra, 165 F.3d 920 (9th Cir. 1998)(Unpublished), (forcibly extracting inmate from cell and physically restraining him while administering TB test was a reasonable use of force); Jones-Bey v. Wright, 944 F.Supp. 723, 733 (ND In 1996), (requiring an inmate who refused to submit to testing to be immobilized for the purpose of conducting such testing did not violate his rights).

## CONCLUSION

For the foregoing reasons the United States respectfully requests this Court order Parsons to submit to testing for tuberculosis conducted by suitably trained correctional officers, staff members or Deputy United States Marshals. In the event the defendant refuses to cooperate with such testing, the United States asks the Court to authorize the reasonable use of force to effectuate such testing.

UNITED STATES OF AMERICA, Plaintiff
ROBERT C. STUART
Acting United States Attorney
District of Nebraska

By: s/ Jan W. Sharp
JAN W. SHARP (#16934)
Assistant U.S. States Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 661-3084
E-mail: jan.sharp@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on December 18, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record

                                                s/ Jan W. Sharp
                                                Assistant U.S. Attorney