IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17CR3038 |
| vs. | |
| MICHAEL WAYNE PARSONS, | ORDER |
| Defendant. | |

The government has moved for an order compelling defendant to submit to testing for tuberculosis testing. ([Filing No. 13](#)). A hearing was held on the issue.

To preserve the health and welfare of inmates, detainees, and prison staff, the federal Marshal's policy requires all persons held in custody to submit to tuberculosis testing. This policy is consistent with Eighth Circuit law. See, [DeGidio v. Pung, 920 F.2d 525, 527-28 (8th Cir.1990)](#). Although Plaintiff claims he has a right to refuse such testing on religious grounds, (see Religious Freedom Restoration Act of 1993, [42 U.S.C.A. § 2000bb](#) et. seq.), even assuming Defendant has shown that tuberculosis testing will interfere with Defendant's sincerely held religious beliefs, the court must balance Defendant's religious beliefs against the government's compelling interest is thwarting the outbreak and spread of a highly dangerous and potentially lethal infection among the inmate and detainee population and the staff tasked with guarding and providing services to that population.

After considering the evidence presented and the applicable law, (see [Turner v. Safley](#), 482 U.S. 78, 84 (1987); [Washington v. Harper](#), 494 U.S. 210 (1990); [Benjamin v. Hobbs](#), 2012 WL 3985940 (E.D.Ark. 2012) (citing and relying

upon Eighth Circuit law); Rhinehart v. Gomez, 1995 WL 364339, *3-*4 (N.D.Cal.1995); Karolis v. New Jersey Dept. of Corrections, 935 F.Supp. 523, 527-28 (D.N.J.1996) (holding involuntary administration of tuberculosis test did not violate the Religious Freedom Restoration Act because there is a compelling state interest in stopping the spread of tuberculosis).

IT IS ORDERED:

1) The government's motion to compel, (Filing No. 13), is granted.

2) Defendant is subject to involuntary tuberculosis testing.

3) Defendant is given until December 27, 2017 to decide whether such testing will be by subcutaneous injection or by chest x-ray. If Defendant does not timely do so, the Marshal is permitted to decide what means of testing will be administered, and it shall thereafter promptly administer the testing.

4) Until the tuberculosis testing results are available, the Marshal is permitted to house Defendant in segregation.

December 21, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge