IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:17-CR-3038 |
| vs. | |
| MICHAEL WAYNE PARSONS,[1] | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 36) to the Magistrate Judge's order (filing 33) granting the government's motion to compel (filing 13), as well as the defendant's objection to the Magistrate Judge's order (filing 34) denying the defendant's motion to recuse. A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). Upon review of the record, the Court finds no error, and will overrule the objection.

First, the government moved to compel the defendant to submit to tuberculosis testing. The defendant objected to the testing, claiming that the test impermissibly violates his right to free exercise of religion under the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1(b).[2] *See*

---

[1] The defendant suggests that the spelling of his name in all capital letters invokes an "unknown entity," not him. He is wrong: in federal court, capitalization is a matter of style, not substance. *See Jaeger v. Dubuque Cty.*, 880 F. Supp. 640, 643-44 (N.D. Iowa 1995).

[2] RFRA has been held unconstitutional as applied to state and municipal governments. *See City of Boerne v. Flores*, 521 U.S. 507, 516 (1997). The Court assumes, without deciding,

filing 36. The Magistrate Judge determined, and the Court agrees, that the testing does not violate RFRA.

Generally speaking, RFRA prohibits the government from substantially burdening a person's exercise of religion, but that protection is not absolute. Indeed, infringements of a person's sincerely held religious beliefs will pass constitutional muster if: (1) the action furthers a compelling government interest; and (2) is the least restrictive means of furthering that governmental interest. 42 U.S.C. § 2000bb-1(b). The first prong of the analysis is satisfied here. The state has a strong interest in preserving the health and welfare of inmates, detainees, and prison staff. *See DeGidio v. Pung*, 920 F.2d 525, 528 (8th Cir. 1990); *Lareau v. Manson*, 651 F.2d 96, 109 (2d Cir. 1981). In fact, prison officials have an affirmative obligation to protect inmates from exposure to infectious diseases. Jolly v. Coughlin, 76 F.3d 468, 477 (2d Cir. 1996).

The second prong is also met. Indeed, in the Magistrate Judge's order granting the government's motion to compel, the defendant was given the opportunity to decide whether the TB testing would be done by subcutaneous injection or by chest x-ray. Filing 33 at 2. And although there is some disagreement among various courts as to precisely what tuberculosis tests comply with the least restrictive analysis, *compare Jolly*, 76 F.3d at 439 (finding the administration of the PPD test was not the least restrictive means) *with Karolis v. New Jersey Dep't of Corr.*, 935 F. Supp. 523, 528 (D.N.J. 1996) (determining that the Mantoux test is a least restrictive test),

---

that RFRA's protections extend to the application of a federal policy to a federal prisoner, despite his custody in the Saline County Jail. *See* filing 13 at 2-3. In any event, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, would afford the defendant essentially the same protection in state or local custody. *See Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 987 (8th Cir. 2004).

courts addressing the issue have consistently held that submission to chest x-rays and sputum samples satisfies the least-restrictive-means injury. *See Jolly*, 76 F.3d at 439 (holding the PPD test did not satisfy the least restrictive means analysis because the inmate could submit to periodic chest x-rays and sputum samples); *Jihad v. Wright*, 929 F. Supp. 325, 331 (N.D. Ind. 1996) (suggesting as a least restrictive measure that the officials could have required the defendant to submit to periodic chest x-rays or sputum samples). So, the defendant's submission to a chest x-ray for the purpose of testing for tuberculosis is the least restrictive means furthering the government's compelling interest in detecting, and preventing, the spread of infectious diseases.

The defendant also takes issue with the Marshals Service policy for TB testing, contending that the policy is only meant to apply to prisoners who are actively symptomatic. He is wrong about that—while the policy prescribes measures to be taken when a prisoner is suspected of having tuberculosis, it plainly provides for routine testing at intake. *See* filing 36 at 8. In any event, the defendant cites to no authority suggesting that the Marshals Service may not pursue testing in the absence of such a policy, or that the Marshals Service policy has the force of law enforceable by judicial decree. *Cf. Fanoele v. United States*, 975 F. Supp. 1394, 1400 (D. Kan. 1997).[3]

---

[3] The defendant also questions the Court's jurisdiction over him, purporting to be a foreign ambassador, and asserting diplomatic immunity pursuant to the Vienna Convention on Diplomatic Relations, Art. 31, Dec. 13, 1972, 23 U.S.T. 3227. But diplomatic status cannot be unilaterally established; rather, it depends on recognition by the Department of State. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984), *aff'd,* 794 F.2d 806 (2d Cir. 1986); *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 99-100 (D.D.C. 2008); *see generally The Schooner Exch. v. McFaddon*, 11 U.S. 116, 138 (1812). The defendant has given the Court

Additionally, the defendant moved to recuse the Magistrate Judge, claiming the Magistrate Judge was biased. The Magistrate Judge denied the defendant's motion. After reviewing the record, the Court finds that the Magistrate Judge's orders regarding the government's motion to compel as well as the defendant's motion to recuse were not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). Accordingly, the defendant's objection (filing 36) is overruled in its entirety.

IT IS ORDERED:

1. The defendant's objection (filing 36) is overruled.

2. A copy of this order shall be provided to the United States Marshal.

Dated this 29th day of December, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

---

no evidence, or any reason to believe, that his supposed diplomatic status has been recognized by the State Department.