IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>MICHAEL WAYNE PARSONS,<br><br>    Defendant. | 4:17CR3038<br><br>RESPONSE TO DEFENDANT'S DISCOVERY MOTION |

## FACTS

Michael Wayne Parsons is awaiting trial on charges of violating 18, U.S.C. § 922(g)(1), (felon in possession of a firearm). The defendant has opted to represent himself although the Federal Public Defender's Office, (FPD), was appointed as standby counsel. On December 18, 2017, the Court ordered that discovery be provided within fourteen days. (Order for Progression of a Criminal Case, filing 20). Counsel for the government spoke with standby counsel John Vanderslice after the hearing and asked if the Federal Public Defender's Office would accept receipt of discovery materials and assist with delivery of the same to Mr. Parsons. Mr. Vanderslice agreed to assist in that capacity.

 On December 28, 2017, the United States Attorney's Office sent the first installment of discovery by mailing the materials to the FPD. (Attachment A[1]). On January 3, 2018, after receipt of an additional disk containing two jail calls from another facility

---

[1] Although the letter is dated December 29, 2018, it was actually mailed December 28, 2018.

where Mr. Parsons was detained, another installment of discovery was sent to Mr. Parsons. (Attachment B).

On January 12, 2018, a letter dated January 10, 2018, (Attachment C), was received from John Vanderslice advising that the Federal Public Defender's Office was no longer willing to "be the recipient of material you wish to be provided to Mr. Parsons" and suggesting the United States Attorney's Office would need to communicate with him directly. The letter also advised a thumb drive and CD were being returned because the FPD did not have any way of allowing Mr. Parsons to listen to the recordings contained therein. However, Mr. Vanderslice also advised that "we did provide to Mr. Parsons hard copy materials of all pdf documents from the thumb drive."

At all times relevant to the discovery issues raised in the defendant's motion, he has been detained at the Saline County Jail. On January 16, 2018, after obtaining the name of a contact at the Saline County Jail, the United States Attorney's Office sent the materials that had been returned by the FPD to Captain Jeff Mulbery of the Saline County Sheriff's Office so that he could tender the same to Mr. Parsons. On January 18, 2018, Capt. Mulbery sent an email advising he had received the materials and would take Mr. Parsons to an area of the jail where he would be able to listen to the recordings.

On January 18, 2018, the United States Attorney's Office received an email string, (Attachment D), which contained emails from Capt. Mulbery and SA Monte Czaplewski. The email from Capt. Mulbery advised "Parsons was taken to another area inside the jail and he was able to listen to the disc." The second email from SA Czaplewski advised "Jeff [Mulbery] and I just spoke and Parsons isn't happy about the amount of info on the

thumb drive and has made statements that it will take weeks for him to review it. Jeff and his staff will continue to make reasonable accommodations for Parsons to review the audio in the jail."

On January 19, 2018, another email, (Attachment E), was received by the United States Attorney's Office from SA Czaplewski which addressed Mr. Parsons' review of discovery. In the email string the following was reported:

> Jeff and I just spoke and this is the latest update on PARSONS. PARSONS was allowed to review the items on the thumbdrive using a laptop computer in his cell, while under the supervision of a Correctional Officer (CO). At some point it is believed that PARSONS removed and disposed of the thumb drive. PARSONS has not been cooperating in locating the thumb drive and his cell has been thoroughly searched and PARSONS has been physically searched. It is believed that the thumb drive may have been flushed. Also, it was discovered that PARSONS was able to connect to the WiFi and was on his MikeParsons.org website. It doesn't appear at this time that he posted anything. Also, he downloaded the thumbdrive to a file folder on the laptop prior to disposing/hiding it.

On January 25, 2018, the United States Attorney's Office received another email, (Attachment F), from SA Czaplewski. SA Czaplewski reported the following:

> Jeff Mulbery/Saline CSO and I just spoke and we need your guidance. As I mentioned in a previous email, PARSONS was given access to the thumb drive with discovery. PARSONS was allowed to access it on a SCSO laptop in his cell under monitoring by a Correctional Officer. However, somehow PARSONS copied all the discovery files to the laptop and either hid or destroyed the thumb drive. PARSONS has been uncooperative in the SCSO's attempts to locate the thumbdrive. Further, PARSONS was accessing the internet via wi-fi on the laptop. PARSONS' was strip searched and his cell searched and the drive is still missing and he continues to be uncooperative.

> Because of these issues, PARSONS has not and will not be allowed to access any computers. In talking with Jeff, this is the only course we believe is possible - SCSO can allow PARSONS to access the computer in the courtroom, at the availability of a dedicated Correctional Officer to directly monitor him, for one hour periods as needed. PARSONS cannot use the laptop as it is not known what he did or will do to the files he copied to the laptop of the thumbdrive. It isn't known if he did or will try

to manipulate/change any of the files. That however circles back to the original issue - PARSONS did not and will not cooperate with the SCSO efforts to locate the thumbdrive. Is it possible that the FPD can talk to him to advise him that without the thumbdrive SCSO cannot and will not allow him access any computer until this issue is resolved?

Mr. Parsons filed the instant "motion", (filing 45), on January 12, 2018, which, among other things, complains about his inability to timely review discovery. In the section entitled "Right 4", Mr. Parsons complains:

> The assistant U.S. Attorney did not provide me with discovery. He, according to Assistant Public Defender John Vanderslice, gave him a thumb drive with files John cannot access. Mr. Vanderslice refuse [sic] to provide me with the drive and refused to email it to my (attorney-in-fact) who could download the files and mail them to me. Therefore, discovery has been effectively denied. Denying discovery to petitioner directly, timely and in a form that is accessable[sic] is denial of due process.

On January 23, 2018, the Court entered an Order denying Mr. Parsons' motions but directing the government, by January 30, 2018, to "respond to that portion of Defendant's motion which demands the government's discovery in a format Defendant can access." (filing 46).

## DISCUSSION

The materials the defendant alleges he has not been able to review fall into two categories. There are documentary materials which can be printed out and given to Mr. Parsons for review. Second, there are materials which can only be reviewed through the use of a computer, (i.e., audio/video recordings). The Federal Public Defender's Office reports the pdf files were printed out and given to Mr. Parsons. (Attachment C). Since that representation was made in a letter dated January 10, 2018, it is possible Mr. Parsons

actually received the materials before he filed the instant motion. In any event, it appears he has been given access to the documentary items contained in discovery.

The recordings are another matter. Mr. Parsons has not cooperated with Saline County Jail personnel in reviewing the materials, despite their best efforts. He has either hidden or destroyed a thumb drive and refused to cooperate with jail personnel in accounting for the item. He has accessed the internet and has copied files to the hard drive of the jail's laptop. As a result of his gamesmanship, the Saline County Jail is no longer willing to allow him to use a laptop in his cell. Notwithstanding his earlier actions, if he will cooperate with the recovery of the thumb drive, the Saline County Sheriff's Office is willing to allow him to use a laptop in the jail courtroom in one-hour increments in the presence of a correctional officer solely dedicated to watching Mr. Parsons.

## CONCLUSION

Mr. Parsons has decided to obstruct the orderly progression of this case by any means possible. It appears the documentary materials have already been tendered to him by the FPD. With respect to those materials which require the use of a computer to review, Mr. Parsons has an avenue open to him. The Saline County Jail made an effort to accommodate his needs and he responded to those efforts by hiding or destroying a thumb drive. Despite his actions, if he will cooperate in the recovery of the thumb drive, the jail is still willing to allow him to use a computer even though it will require a dedicated correctional officer to monitor him. The ball is in his court.

UNITED STATES OF AMERICA, Plaintiff
ROBERT C. STUART
Acting United States Attorney
District of Nebraska

By: s/ Jan W. Sharp
JAN W. SHARP (#16934)
Assistant U.S. States Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 661-3084
E-mail: jan.sharp@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Nebraska by using the CM/ECF system which sent notification of said filing to the following: John Vanderslice, Assistant Federal Public Defender; and notification by U.S. Mail to:

Michael Parsons
30237-047
CJ-SALINE, Saline County Law Enforcement Center
P.O. Box 911
Inmate Mail
Wilber, NE 68465

s/Jan W. Sharp
JAN W. SHARP (#16934)
Assistant United States Attorney