GREETINGS CLERK OF THE COURT,

PLEASE FILE ELECTRONICALLY AND SERVE TO THE U.S. ATTORNEY.

JAN SHARP FILE TODAY JANUARY 17, 2018.

THANKS

AMBASSADOR Michael Rivera

4:17 CR-3038

PETITIONER 1.

BY SPECIAL APPEARANCE ONLY

AMBASSADOR Michael Parsons OF THE SOVEREIGN TSILHQOT'IN NATION-COUNTRY OF THE CHILCOTIN, A LIVE MAN UNDER DURESS, WITHOUT PREJUDICE, HELD AGAINST MY WILL AT THE SALINE COUNTY JAIL, WILBER NEBRASKA

TO,

THE HONORABLE JUDGE CHERYL R. ZWART
C/o CLERK OF THE U.S. DISTRICT COURT
100 CENTENNIAL MALL, SUITE 587 FEDERAL BUILDING
LINCOLN, NEBRASKA 68508

NOTICE

PETITIONER, AMBASSADOR Michael Parsons DEMANDS AS A MATTER OF GOD GIVEN RIGHTS;

① AN ORDER TO SETASIDE, VACATE, DISMISS AND VOID INDICTMENT 4:17 CR 3038, UNITED STATES OF AMERICA, A CORPORATION LISTED ON DUN AND BRADSTREET, HAS A CLAIM AGAINST AN ALL CAPITOL LETTER CORPORATE ENTITY WHEREAS FBI SPECIAL AGENT MONTE R. CZAPLEWSKI'S AFFIDAVIT IS COMPLETELY FALSE, AND THEREBY THE SEARCH WARRANTS TO SEARCH THE 1964 PIPER AIRCRAFT ARE VOID, AND ANY EVIDENCE OBTAINED THEREBY IS INADMISSABLE.

② AN ORDER TO SETASIDE, VACATE, DISMISS AND VOID INDICTMENT 4:17 CR 3038 FOR UNNECESSARY DELAY BY THE U.S. ATTORNEY VIA A FRAUDULANTLY OBTAINED CONTINUANCE.

③ AN ORDER TO SUPPRESS ALL EVIDENCE FOR SUBMISSION AS DISCOVERY BY THE U.S. ATTORNEY, WHEREAS THE DEADLINE FOR PLAINTIFF TO PROVIDE DISCOVERY TO PETITIONER HAS PAST AND ANY EVIDENCED ALLOWED PAST THE JANUARY 02, 2018 DEADLINE IS PREJUDICIAL.

④ AN ORDER TO SETASIDE, VACATE, DISMISS AND VOID ARRAIGNMENT, WHEREAS PETITIONER HAD NO ADVANCED NOTICE OF PENDING ARRAIGNMENT OR INDICTMENT AND THE DISTRICT COURT COLLUDED AND CONSPIRED WITH THE FEDERAL PUBLIC DEFENDER IN A SCHEME TO OBTAIN JURISDICTION WHEN IT HAD NONE BY APPOINTING JOHN VANDERSLICE, AN ASSISTANT PUBLIC DEFENDER TO REPRESENT MICHAEL WAYNE PARSONS PRIOR TO ARRAIGNMENT AND THEN ALLOWED HIM TO WITHDRAW FOR AN UNDISCLOSED CONFLICT OF INTEREST BUT THEN IMMEDIATELY APPOINTED HIM AS STANDBY COUNSEL, EFFECTIVELY DENYING PETITIONER COUNSEL AND COMMITTING

(5) AN ORDER TO DISMISS THIS MATTER AND SUPPRESS ALL EVIDENCE OBTAINED FROM WHAT FBI SPECIAL AGENT MONTE R. CZAPLEWSKI'S OWN REPORT REVEALED WAS THE TSILHQOT'IN NATION-COUNTRY OF CHILCOTIN DIPLOMAT TRANSPORT AIRPLANE THAT HIS OWN FBI REPORTS SHOW WAS UNSUPERVISED AND ACCESSABLE TO ANYONE FROM JANUARY 12, 2017 UNTIL HIS SEARCH ON MARCH 22, 2017 AND ALL EVIDENCE OBTAINED FROM THE ILLEGAL RAID AND SEARCH OF PETITIONERS DOMICILE WHICH IS ALSO THE TSILHQOT'IN NATION-COUNTRY OF THE CHILCOTIN EMBASSY, ALL IN VIOLATION OF THE VIENNA CONVENTION ON DIPLOMATIC RELATIONS ARTICLE 22.

(6) AN ORDER DISMISSING THIS MATTER WHEREBY THE INDICTMENT FAILED TO STATE A CAUSE OF ACTION BY WHICH RELIEF CAN BE GRANTED, WHEREBY IT INVOLVES INTERSTATE COMMERCE, THE CONSTITUTION DOES NOT GIVE CONGRESS THE POWER TO REGULATE COMMERCE BETWEEN INDIAN TRIBES OR THE PEOPLE. AND WHEN ASKED IF THIS WAS A COMMERCIAL CRIME JUDGE ZWART SAID NO. HOWEVER THE ALLEGED CRIME PERTAINS TO POSSESSION OF A WEAPON AND 27 C.F.R. 72.11 REFERENCES POSSESSION OF A DEADLY WEAPON AS A "COMMERCIAL CRIME." JUDGES REFUSEDAL TO DISCLOSE THE "TRUE NATURE AND THE CAUSE" IS WILLFULL DECEPTION WHICH HAS BEEN OBVIOUS AND PERVASIVE THROUGH OUT THIS MATTER

(7) AN ORDER TO DISMISS THIS MATTER WITH EXTREME PREJUDICE FOR FRAUD UPON THE COURT BY THE COURT WHEREBY, EVERY TIME I ASK THE "NATURE AND CAUSE" AS SPECIFIED IN THE 6TH AMENDMENT TO THE CONSTITUTION FOR THE UNITED STATES, JUDGE ZWART REPLYS "THE NATURE OF THE CHARGE IS"... AND WHEN I ASK THE FORM OF COURT SHE IS CONDUCTING SHE REPLIES WITH THE "FORUM OF THE COURT" WHICH IS NOT ANSWERING MY QUESTION. AND JUDGE CHERYL ZWARTS EMAIL TO U.S. ATTORNEY JAN SHARP DATED 12/18/2017 WHEREBY MR. SHARP REPLIED, "THANK YOU JUDGE. I WILL REVIEW THIS BEFORE OUR HEARING ON WEDNESDAY," IN REFERENCE TO HER RESEARCH SHE DID FOR HIM SUPPORTING HIS POSITION TO FORCE ME TO BE EXPOSED TO AN UNKNOWN TB TEST CHEMICAL OR CHEST XRAY, BOTH OF WHICH ARE HARMFULL. AND JUDGE CHERYL ZWART DENYING PETITIONER PRETRIAL RELEASE

BASED ON AN UNVERIFIED REPORT CONTAINING SEVERAL FALSE CHARGES THAT DID NOT PERTAIN TO ME, WERE DISMISSED OR NOT TRUE BILL RETURNED THAT SHE, JUDGE ZWART HER SELF SUBMITTED AS EVIDENCE AND REFUSED TO BE QUESTIONED ABOUT.

(8) AN ORDER TO REMOVE JUDGE ZWART FROM FURTHER INVOLVMENT IN THIS MATTER FOR EXTREME PREJUDICE AND BAD BEHAVIOR

(9) AN ORDER TO TRANSFER THIS MATTER TO NORTH PLATT WHERE THE ALLEGED CRIME OCCURED AND THE WITNESSES WOULD BE LOCATED.

(10) THAT THIS MATTER BE TRANSFERED TO THE ARTICLE III SECTION 2 COURT FOR ALL MATTERS PERTAINING TO AMBASSADORS AND TO NOTIFY THE U.S. DEPARTMENT OF JUSTICE IN WASHINGTON DC AND THE U.S. DEPARTMENT OF STATE IN WASHINGTON DC. WHEREAS, THIS COURT, IN COLLUSION WITH THE U.S. ATTORNEY, FEDERAL ASSISTANT PUBLIC DEFENDER, U.S. MARSHAL AND FBI HAVE CONSPIRED TO DEPRIVE ME, MY WIFE AND THE SOVEREIGN TSILHQOT'IN NATION-COUNTRY OF THE CHILCOTIN OF MY LIFE, LIBERTY AND HAPPINESS AND PROPERTY. SPECIFICALLY, THEY ARE IN VIOLATION OF TITLE 18 SECTION 1201 OF THE UNITED STATES CODE, AT 18 U.S.C. § 1201 (a) WHOEVER UNLAWFULLY SEIZES, CONFINES, KIDNAPS, ABDUCTS OR CARRIES AWAY AND HOLD... ANY PERSON,... WHEN (4) THE PERSON IS A FOREIGN OFFICIAL, AS THOSE TERMS ARE DEFINED IN § 1116 (b) OF THIS TITLE § 1116 (b) FOR THE PURPOSES OF THIS SECTION: (1) "FAMILY" INCLUDES (a) A SPOUSE, PARENTS... (2) "FOREIGN GOVERNMENT" MEANS THE GOVERNMENT OF A FOREIGN COUNTRY, IRRESPECTIVE OR RECOGNITION BY THE UNITED STATES. (3) "FOREIGN OFFICIAL" MEANS (A)... AMBASSADORS OF A FOREIGN GOVERNMENT, OR ANY PERSON WHO HAS PREVIOUSLY SERVED IN SUCH CAPACITY, AND ANY MEMBER OF HIS FAMILY, WHILE IN THE UNITED STATES, AND (4) (B) ANY OTHER REPRESENTATIVE,... OF... A FOREIGN GOVERNMENT,... WHO AT THE TIME AND PLACE CONCERNED IS ENTITLED PURSUANT TO INTERNATIONAL LAW TO SPECIAL PROTECTION AGAINST ATTACK UPON HIS PERSON, FREEDOM, OR DIGNITY, AND ANY MEMBER OF HIS FAMILY THEN FORMING PART OF HIS HOUSEHOLD. § 1117. IF TWO OR MORE PERSONS CONSPIRE TO VIOLATE SECTION 1116... OF THIS TITLE, AND ONE OR MORE SUCH PERSONS DO ANY OVERT ACTS TO EFFECT THE OBJECT OF THE CONSPIRACY, EACH SHALL BE PUNISHED BY IMPRISONMENT FOR ANY TERM OF YEARS OR LIFE.

THIS COURT SHALL TAKE JUDICIAL NOTICE OF THESE UNDISPUTED FACTS AND OFFER OF PROOF

1. ON JANUARY 01, 2016, PETITIONER Michael Parsons WAS APPOINTED AMBASSADOR OF THE TSILHQOT'IN NATION - COUNTRY OF THE CHILCOTIN BY HEREDITARY GRAND CHIEF STANLEY STUMP SR. PETITIONER IS A TSILHQOT'IN NATION TRIBAL MEMBER AND MEMBER OF THE CHILCOTIN NATIONAL CONGRESS IN THE COUNTRY OF THE CHILCOTIN. PETITIONER IS NOT A U.S. CITIZEN. (SEE ATTACHED LETTER APRIL 24, 2017 BY HEREDITARY GRAND CHIEF STANLEY STUMP SR.) (DEFENDANT'S EXHIBIT 112, of 12/20/2017)

2. THIS COURT SHALL TAKE JUDICIAL NOTICE; THAT; THE TSILHQOT'IN NATION IS RECOGNIZED AS A SOVEREIGN 1ST NATION HAVING THE RIGHT TO GOVERN THEIR OWN AFFAIRS, DEVELOP THEIR NATURAL RESOURCES ETC., TSILHQOT'IN NATION V. BRITISH COLUMBIA (2014) SCC 44.

3. THAT AS A SIGNATOR TO THE MONTEVIDEO CONVENTION ON RIGHTS AND DUTIES OF STATES, DECEMBER 26, 1933, THE UNITED STATES OF AMERICA IS BOUND TO THE AGREEMENT THAT; ARTICLE 3; "THE POLITICAL EXISTANCE OF THE STATE IS INDEPENDENT OF RECOGNITION BY OTHERS STATES, EVEN BEFORE RECOGNITION, THE STATE HAS THE RIGHT TO DEFEND ITS INTEGRITY AND INDEPENDENCE, TO PROVIDE FOR ITS CONSERVATION AND PROSPERITY, AND CONSEQUENTLY TO ORGANIZE ITSELF AS IT SEES FIT, TO LEGISLATE UPON ITS INTEREST, ADMINISTER ITS SERVICES, AND TO DEFINE THE JURISDICTION AND COMPETENCE OF ITS COURTS. THE EXISTENCE OF THESE RIGHTS HAS NO OTHER LIMITATION THAN THE EXERCISE OF THE RIGHTS OF OTHER STATES ACCORDING TO INTERNATIONAL LAW."

ARTICLE 4, "STATES ARE JURIDICALLY EQUAL, ENJOY THE SAME RIGHTS, AND HAVE EQUAL CAPACITY IN THEIR EXERCISE. THE RIGHTS OF EACH ONE DO NOT DEPEND UPON THE POWER WHICH IT POSSESSES TO ASSURE ITS EXERCISE, BUT UPON THE SIMPLE FACT OF ITS EXISTENCE AS A PERSON UNDER INTERNATIONAL LAW."

ARTICLE 5, "THE FUNDAMENTAL RIGHTS OF STATES AREN'T SUSCEPTIBLE OF BEING AFFECTED IN ANY MANNER WHATSOEVER."

ARTICLE 6, "THE RECOGNITION OF A STATE MERELY SIGNIFIES THAT THE STATE WHICH RECOGNIZES IT ACCEPTS THE PERSONALITY OF THE OTHER WITH ALL THE RIGHTS AND DUTIES DETERMINED BY INTERNATIONAL LAW. RECOGNITION IS UNCONDITIONAL AND IRREVOCABLE."

ARTICLE 7, "THE RECOGNITION OF A STATE MAY BE EXPRESS OR TACIT, THE LATTER RESULTS FROM ANY ACT WHICH IMPLIES THE INTENTION OF RECOGNIZING THE NEW STATE."

ARTICLE 8, "NO STATE HAS THE RIGHT TO INTERVENE IN THE INTERNAL OR EXTERNAL AFFAIRS OF ANOTHER."

4. THAT THE DELEGATION OF THE UNITED STATES OF AMERICA, IN SIGNING THIS AGREEMENT EXPRESSED, "THE UNITED STATES GOVERNMENT IS AS MUCH OPPOSED AS ANY OTHER GOVERNMENT TO INTERFERENCE TO FREEDOM, THE SOVEREIGNTY, OR OTHER INTERNAL AFFAIRS OR PROCESSES OF THE GOVERNMENTS OF OTHER NATIONS." CLEARLY, THESE EGALITARIAN PRINCIPLES THAT ALL PEOPLE ARE EQUAL AND SHOULD HAVE THE SAME RIGHTS AND OPPORTUNITIES ENSHRINED IN THESE ARTICLES, THIS DELEGATIONS INTENT IS AS EVIDENT AS THAT IN THE CONSTITUTION FOR THE UNITED STATES OF AMERICA AND WHAT ONE WOULD EXPECT TO BE DEMONSTRATED BY THE AGENT OF THE UNITED STATES OF AMERICA. AS THE FACTS IN THIS MATTER DEMONSTRATE, CLEARLY THEY DO NOT!

5. THAT AS A SIGNATOR TO THE VIENNA CONVENTION ON DIPLOMATIC RELATIONS 18 APRIL 1961, ENTERED INTO FORCE ON 24 APRIL 1964, UNITED NATIONS, TREATY SERIES, VOL. 500, P. 95., THE UNITED STATES OF AMERICA IS BOUND TO THE AGREEMENT THAT,

ARTICLE 20. "THE MISSION AND ITS HEAD SHALL HAVE THE RIGHT TO USE THE FLAG AND EMBLEM OF THE SENDING STATE ON PREMISES OF THE MISSION, INCLUDING THE RESIDENCE OF THE HEAD OF THE MISSION, AND ON HIS MEANS OF TRANSPORT."

ARTICLE 22. (1) "THE PREMISES OF THE MISSION SHALL BE INVIOLABLE. THE AGENTS OF THE RECEIVING STATE MAY NOT ENTER THEM, EXCEPT WITH THE CONSENT OF THE HEAD OF THE MISSION." (2) "THE RECEIVING STATE IS UNDER A SPECIAL DUTY TO TAKE ALL APPROPRIATE STEPS TO PROTECT THE PREMISES OF THE MISSION AGAINST ANY INTRUSION OR DAMAGE AND TO PREVENT ANY DISTURBANCE OF THE PEACE OF THE MISSION OR IMPAIRMENT OF ITS DIGNITY." (3) "THE PREMISES OF THE MISSION, THEIR FURNISHINGS AND OTHER PROPERTY THEREON AND THE MEANS OF TRANSPORT OF THE MISSION SHALL BE IMMUNE FROM SEARCH, REQUISITION, ATTACHMENT OR EXECUTION."

ARTICLE 24. "THE ARCHIVES AND DOCUMENTS OF THE MISSION SHALL BE INVIOLABLE AT ANY TIME AND WHEREVER THEY MAY BE."

ARTICLE 26... "THE RECEIVING STATE SHALL ENSURE TO ALL MEMBERS OF THE MISSION FREEDOM OF MOVEMENT AND TRAVEL IN ITS TERRITORY."

ARTICLE 27 (1) "THE RECEIVING STATE SHALL PERMIT AND PROTECT FREE COMMUNICATION ON THE PART OF THE MISSION FOR ALL OFFICIAL PURPOSES. IN COMMUNICATING WITH THE GOVERNMENT AND THE OTHER MISSIONS AND CONSULATES OF THE SENDING STATE, WHEREVER SITUATED, THE MISSION MAY EMPLOY ALL APPROPRIATE MEANS, INCLUDING DIPLOMATIC COURIERS AND MESSAGES IN CODE OR CIPHER..." (2) "THE OFFICIAL CORRESPONDENCE OF THE MISSION SHALL BE INVIOLABLE. OFFICIAL CORRESPONDENCE MEANS ALL CORRESPONDENCE RELATING TO THE MISSION AND ITS FUNCTIONS."

ARTICLE 29. "THE PERSON OF A DIPLOMATIC AGENT SHALL BE INVIOLABLE. HE SHALL NOT BE LIABLE TO ANY FORM OF ARREST OR DETENTION. THE RECEIVING STATE SHALL TREAT HIM WITH DUE RESPECT AND SHALL TAKE ALL APPROPRIATE STEPS TO PREVENT ANY ATTACK ON HIS PERSON, FREEDOM OR DIGNITY."

ARTICLE 30. (1) "THE PRIVATE RESIDENCE OF A DIPLOMATIC AGENT SHALL ENJOY THE SAME INVIOLABILITY AND PROTECTION AS THE PREMISES OF THE MISSION." (2) "HIS PAPERS, CORRESPONDENCE AND... HIS PROPERTY SHALL LIKEWISE ENJOY INVIOLABILITY."

ARTICLE 31. (1) "A DIPLOMATIC AGENT SHALL ENJOY IMMUNITY FROM THE CRIMINAL JURISDICTION OF THE RECEIVING STATE. HE SHALL ALSO ENJOY IMMUNITY FROM ITS CIVIL AND ADMINISTRATIVE JURISDICTION. (2) A DIPLOMATIC AGENT IS NOT OBLIGED TO GIVE EVIDENCE AS A WITNESS. (3) NO MEASURE OF EXECUTION MAY BE TAKEN IN RESPECT OF A DIPLOMATIC AGENT."

ARTICLE 37 (1) "THE MEMBERS OF THE FAMILY OF A DIPLOMATIC AGENT FORMING PART OF HIS HOUSEHOLD SHALL... ENJOY THE PRIVILEGES AND IMMUNITIES SPECIFIED IN ARTICLE 29-36."

ARTICLE 39 (1) EVERY PERSON ENTITLED TO PRIVILEGES AND IMMUNITIES SHALL ENJOY THEM... FROM THE MOMENT WHEN HIS APPOINTMENT IS NOTIFIED TO THE MINISTRY FOR FOREIGN AFFAIRS OR SUCH OTHER MINISTRY AS MAY BE AGREED."

6. THAT UNITED STATES CODE 28 SECTION 1330 STATES, "AMBASSADORS ARE IMMUNE FROM PROSECUTION IN ANY U.S. COURT."

7. THAT NOTIFICATION OF PETITIONERS APPOINTMENT SERVED UPON SECRETARY OF STATE JOHN KERRY IN JANUARY 2016 AND SUBSIQUENT CONFIRMATION OF PETITIONERS A-1 DIPLOMATIC VISA FROM THE UNITED STATES DEPARTMENT OF STATE, CONFIRMATION # AA006HW076 ON JANUARY 19, 2017 IS NOTIFICATION TO THE MINISTER OF FOREIGN AFFAIRS IN THE UNITED STATES. (DEFENDANTS EXHIBIT #113, 12/20/2017 SEE ATTACHED OFFICIAL CONFIRMATION FOR A-1 DIPLOMATIC VISA FROM UNITED STATES DEPARTMENT OF STATE)

8. THAT UNITED STATES CODE 28 SECTION 1604 STATES, "SUBJECT TO EXISTING INTERNATIONAL AGREEMENTS TO WHICH THE UNITED STATES IS A PARTY AT THE TIME OF ENACTMENT OF THIS ACT A FOREIGN STATE SHALL BE IMMUNE FROM THE JURISDICTION OF THE COURTS OF THE UNITED STATES AND OF THE STATES."

9. THAT INDICTMENT 4:17 CR 3038 ALLEGED THAT "MICHAEL WAYNE PARSONS ON JANUARY 11, 2017, DID KNOWINGLY POSSESS IN AND AFFECTING INTERSTATE COMMERCE A FIREARM AND AMMUNITION... HAVING BEEN SHIPPED AND TRANSPORTED IN INTERSTATE COMMERCE IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 922 (g) (1)."

10. THAT UNITED STATES CODE 18 SECTION 10 STATES, "THE TERM "INTERSTATE COMMERCE", AS USED IN THIS TITLE, INCLUDES COMMERCE BETWEEN ONE STATE, TERRITORY, POSSESSION, OR THE DISTRICT OF COLUMBIA AND ANOTHER STATE, TERRITORY, POSSESSION, OR THE DISTRICT OF COLUMBIA." IT DOES NOT PERTAIN TO INDIAN TRIBES OR THE PEOPLE.

11. THAT THE CONSTITUTION FOR THE UNITED STATES OF AMERICA ARTICLE 1 SECTION 8 STATES, "THE CONGRESS SHALL HAVE THE POWER TO... REGULATE COMMERCE WITH FOREIGN NATIONS AND AMONG THE SEVERAL STATES AND WITH INDIAN TRIBES;" THEY HAVE NO POWER TO REGULATE COMMERCE BETWEEN FOREIGN NATIONS, BETWEEN INDIAN TRIBES OR BETWEEN THE PEOPLE.

12. THAT THE U.S. PRINTING STYLE MANUAL REFERENCES, U.S. COURTS USE OF ALL CAPITOL LETTERS IN A NAME ONLY REFERENCE, "NON-HUMAN" ENTITIES SUCH AS CORPORATIONS AND TRUST, INDICTMENT 4:17 CR 3038 LIST AN ALL CAPITOL LETTER UNITED STATES OF AMERICA AS PLAINTIFF AND AN ALL CAPITOL LETTER MICHAEL WAYNE PARSONS AS DEFENDANT. AS SUCH, THEY ARE UNDISCLOSED CORPORATIONS OR TRUST AND ARE UNKNOWN TO PETITIONER.

13. THAT IT IS AN UNDISPUTED FACT AND STIPULATED BY THE COURT AND PLAINTIFF'S ATTORNEY THAT PETITIONER, AMBASSADOR Michael Parsons IS A LIVING FLESH AND BLOOD MAN, WHO HAS NO CONTRACT, OBLIGATION OR AGREEMENT WITH UNITED STATES OF AMERICA, THE PLAINTIFF, REQUIRING PERFORMANCE NOR IS PETITIONER THE TRUSTEE, SURETY OR FADUCIARY FOR DEFENDANT MICHAEL WAYNE PARSONS, (HEARING 12/20/2017)

14. THAT RULE 48, F.R.CR.P, 48 (b) "THE COURT MAY DISMISS AN INDICTMENT... IF UNNECESSARY DELAY OCCURS IN: (3) BRINGING A DEFENDANT TO TRIAL, INDICTMENT 4:17 CR 3038 WAS FILED ON APRIL 19, 2017, PETITIONER WAS KIDNAPPED BY AGENTS OF THE U.S. MARSHALL WITHOUT THE CONSENT OF AND AGAINST THE WILL OF PETITIONER, ON SEPTEMBER 22, 2017 AND HELD AT THE WEST TENNESSEE DETENTION FACILITY, A PRIVATE FOR PROFIT PRISON, IT SHOULD BE NOTED THAT PETITIONER WAS INFORMED OF A FEDERAL DETAINER AT THE TIME OF SAID INDICTMENT BUT WAS NEVER PROVIDED IT UNTIL DECEMBER 18, 2017 OR APPROXIMATELY 240 DAYS AFTER THE INDICTMENT WAS FILED AND 90 DAYS AFTER BEING TAKEN TO THE HOLDING FACILITY FOR THE U.S. MARSHALL, ON OCTOBER 16, 2017 PLAINTIFF'S ATTORNEY FILED A "MOTION TO CONTINUE" CLAIMING EVEN THOUGH A WRIT OF HABEAS CORPUS AD PROSEQUENDUM HAD BEEN ISSUED, HE NEEDED A 30 DAY CONTINUANCE, "TO OBTAIN A COURT ORDER REQUIRING THE DEFENDANT TO SUBMIT TO TUBERCULOSIS TESTING AND TO THEN TRANSPORT HIM TO THE STATE OF NEBRASKA." PETITIONER NEVER RECEIVED NOTICE OF THAT MOTION UNTIL JANUARY 2018, IT SHOULD BE NOTED THAT NO MOTION IS LISTED IN THE RECORD WHERE PLAINTIFF'S ATTORNEY EVER ATTEMPTED TO FILE SUCH MOTION WITH ANY COURT PRIOR TO DECEMBER 18, 2017. IT IS AN UNDISPUTED FACT THAT PETITIONER WAS TRANSPORTED WITHOUT A TB TEST AND WITH INSIDENT TO THE U.S. DISTRICT COURT FOR NEBRASKA ON DECEMBER 18, 2017. CLEARLY, MOTION WAS NOT ONLY UNNECESSARY, BUT A FRAUD UPON THE COURT FOR THE BENEFIT OF THE PLAINTIFF'S ATTORNEY TO EXTEND THE APPEARANCE ALMOST 2 MONTHS AND OVERALL 90 DAYS AFTER TAKEN BY U.S. MARSHALLS, SAID WRIT OF HABEAS CORPUS AD PROSEQUENDUM WAS ISSUED ON SEPTEMBER 12, 2017. TEN DAYS LATTER PETITIONER WAS STILL IN TENNESSEE AND ONLY BROUGHT BEFORE THIS COURT MORE THAN 100 DAYS LATER.

15. THAT UNITED STATES CODE 18 SECTION 3161 (h)(1)(F) STATES; "... THAT ANY TIME CONSUMED IN EXCESS OF TEN DAYS FROM THE DATE AN ORDER OF DEFENDANT'S ARRIVAL

AT THE DESTINATION SHALL BE PRESUMED TO BE UNREASONABLE"; (h)(7)(A)... "NO SUCH PERIOD OF DELAY RESULTING FROM A CONTINUANCE GRANTED BY THE COURT IN ACCORDANCE WITH THIS PARAGRAPH SHALL BE EXCUSABLE UNDER THIS SUBSECTION UNLESS THE COURT SETS FORTH, IN THE RECORD OF THE CASE, EITHER ORALLY OR IN WRITING, ITS REASONS FOR FINDING THAT "THE ENDS OF JUSTICE SERVED BY THE GRANTING OF SUCH CONTINUANCE OUTWEIGH THE BEST INTEREST OF THE PUBLIC AND THE DEFENDANT'S IN A SPEEDY TRIAL." (h)(7)(C) "NO CONTINUANCE UNDER SUBPARAGRAPH (A) OF THIS PARAGRAPH SHALL BE GRANTED BECAUSE OF GENERAL CONGESTION OF THE COURT'S CALENDER, OR LACK OF DILIGENT PREPARATION OR FAILURE TO OBTAIN AVAILABLE WITNESSES ON THE PART OF THE ATTORNEY FOR THE GOVERNMENT." (J)(1) "IF THE ATTORNEY FOR THE GOVERNMENT KNOWS THAT A PERSON CHARGED WITH AN OFFENSE IS SERVING A TERM OF IMPRISONMENT IN ANY PENAL INSTITUTION, HE SHALL PROMPTLY (A) UNDERTAKE TO OBTAIN THE PRESENCE OF THE PRISONER FOR TRIAL." IN THIS MATTER, PLAINTIFF'S ATTORNEY FAILED TO DILIGENTLY PREPARE AND FAILED TO TIMELY UNDERTAKE TO OBTAIN THE PRESENTS OF PETITIONER AND PETITIONER WAS NEVER GIVEN NOTICE OF ANY ATTEMPT TO TRANSFER HIM TO NEBRASKA AND AS SUCH WAS DENIED HIS RIGHT TO CONTEST THE LEGALITY OF HIS TRANSFER AND THE CONTINUANCE WAS OBTAINED VIA FALSE STATEMENT.

16. THAT UNITED STATES CODE 18 SECTION 3162 (a)(2) STATES; "IF A DEFENDANT IS NOT BROUGHT TO TRIAL WITHIN THE TIME LIMIT REQUIRED... BY SECTION 3161 (h), THE... INDICTMENT SHALL BE DISMISSED ON MOTION OF THE DEFENDANT." AND (2)(b) STATES; "IN ANY CASE IN WHICH ... ATTORNEY FOR THE GOVERNMENT... FILES A MOTION SOLELY FOR THE PURPOSE OF DELAY WHICH HE KNOWS IS TOTALLY FRIVOLOUS AND WITHOUT MERIT, MAKES A STATEMENT FOR THE PURPOSE OF OBTAINING A CONTINUANCE WHICH HE KNOWS TO BE FALSE AND WHICH IS MATERIAL TO THE GRANTING OF A CONTINUANCE; THE COURT MAY PUNISH ANY SUCH... ATTORNEY." ACCORDINGLY, PETITIONER HEREBY DEMANDS DISMISSAL WITH PREJUDICE.

17. THAT UNITED STATES CODE 18 SECTION 3164 (a)(1) STATES; "THE TRIAL INVOLVING A DETAINED PERSON WHO IS BEING HELD IN DETENTION SOLELY BECAUSE HE IS AWAITING TRIAL SHALL BE ACCORDED PRIORITY." (b) THE TRIAL OF ANY PERSON DESCRIBED IN SECTION (a)(1) SHALL COMMENCE NOT LATER THAN NINETY DAYS FOLLOWING THE

BEGINNING OF SUCH CONTINUOUS DETENTION... (c) FAILURE TO COMMENCE TRIAL OF A DETAINEE AS SPECIFIED IN SUBSECTION (b), THROUGH NO FAULT OF THE ACCUSED OR HIS COUNSEL... SHALL RESULT IN THE AUTOMATIC REVIEW BY THE COURT... NO DETAINEE, AS DEFINED IN SUBSECTION (a), SHALL BE HELD IN CUSTODY PENDING TRIAL AFTER THE EXPIRATION OF SUCH NINETY-DAY PERIOD REQUIRED FOR THE COMMENCEMENT OF HIS TRIAL.

18. THAT ON DECEMBER 18, 2017, PETITIONER WAS MET BY SOMEONE CLAIMING TO HAVE BEEN APPOINTED TO REPRESENT THE DEFENDANT BUT IN LESS THAN 5 MINUTES MR. JOHN VANDERSLICE STATED, (1) HE DID NOT KNOW THE FORM OF COURT, IE, CONSTITUTIONAL, COMMON LAW, EQUITY, ADMIRALTY, MARITIME, MERCANTILE ETC..., DID NOT KNOW THE RULES THE COURT WAS UNDER, DID NOT KNOW THE TRUE NATURE AND CAUSE OF THE ACCUSATION, THAT HE DID NOT LIKE GUNS AND THOUGHT ONLY POLICE AND MILITARY SHOULD HAVE THEM, HE REFERRED TO PETITIONER AS A "SOVEREIGN CITIZEN" BUT WHEN ASKED, HE COULD NOT DEFINE WHAT A "SOVEREIGN CITIZEN" WAS, THAT HE HAD TO MANY CASES AND DID NOT WANT OR NEED THIS ONE AND THAT HE WOULD ASK THE COURT TO REMOVE HIM FOR A CONFLICT OF INTEREST. MOMENTS LATER PETITIONER WHILE IN SHACKLES AND CHAINS TO MY ANKLES, WRIST AND WAIST, I WAS LITERALLY YANKED INTO THE UNDISCLOSED FORUM ON TO THE FLOOR. I WOULD LATER BE ADVISED THAT IT WAS THE U.S. DISTRICT COURT OF NEBRASKA WHICH IS A CORPORATION LISTED ON DUN AND BRADSTREET CORPORATE NUMBER 078820324. IMMEDIATELY MR. VANDERSLICE ADVISED THAT HE HAD A CONFLICT OF INTEREST AND WISHED TO WITHDRAW, CHERYL ZWART ALLOWED HIM TO WITHDRAW BUT THEN APPOINTED HIM AS "STAND BY COUNSEL." PETITIONER OBJECTED THAT NONE OF MY RIGHTS WERE WAIVED INCLUDING MY RIGHT TO COUNSEL. CHERYL ZWART THEN CLAIMED COUNSEL WOULD ONLY BE PROVIDED IF I WOULD PROVIDE A FINANCIAL STATEMENT SIGNED UNDER PENALTY OF PERJURY. THEREAFTER, MR. VANDERSLICE STATED HE COULD NOT PROVIDE LEGAL ADVICE BECAUSE HE DID NOT KNOW HIS ROLL AS STAND BY COUNSEL. ON JANUARY 03, 2018 PETITIONER ADVISED U.S. PUBLIC DEFENDER DAVID STICKMAN THAT HIS ASSISTANT MR. VANDERSLICE REFUSED TO ANSWER MY QUESTIONS, TAKE OR RETURN MY CALLS OR ADVISE THE U.S. ATTORNEY THE DEADLINE FOR PROVIDING DISCOVERY HAD PAST ON JANUARY 02, 2018 AND NO DISCOVERY WAS PROVIDED TO ME.

LIKE MR. VANDERSLICE, WHEN I ASKED MR. STICKMAN THE AFOREMENTIONED QUESTIONS, HE REPLIED, "I CAN NOT GIVE YOU LEGAL ADVICE." I SAID, CONSIDERING I WAS NEVER GIVEN ADVANCED NOTICE OF AN ARRAIGNMENT, DISCLOSURE OF THE FORUM, AND FORM OF COURT, AND WITHOUT MY CONSENT AN ATTORNEY IS APPOINTED BUT IMMEDIATELY ALLOWED TO WITHDRAW FOR A CONFLICT OF INTEREST AND THEN IMMEDIATELY APPOINTED AS STAND BY COUNSEL, I WOULD CALL THIS A KANGAROO COURT OR AT LEAST FRAUD UPON THE COURT. MR. STICKMAN SAID, "THE COURT DOES THIS JUST TO GET YOU INTO THEIR SYSTEM." I SAID, THAT'S MANIPULATION OF DUE PROCESS TO OBTAIN JURISDICTION WHICH THEY HAD NONE, THEN DENYING YOU ACCESS TO COUNSEL UNLESS YOU SIGN A CONTRACT UNDER PENALTY OF PERJURY IN ORDER TO OBTAIN COUNSEL, IT'S A RIGGED GAME. HE AGREED, CONSIDERING MR. VANDERSLICE HAS A HISTORY OF WITHDRAWING FROM SEVERAL CASES FOR CONFLICT OF INTEREST IN THE U.S. DISTRICT COURT OF NEBRASKA INCLUDING 4:17-CR-3088 AND 4:17-CR-3099. IN THIS MATTER, MR. VANDERSLICE WAS APPOINTED WITHOUT A FINANCIAL DISCLOSURE STATEMENT BUT AFTER HIS WITHDRAWEL, A CONDITION REQUIRING SAID STATEMENT WAS IMPOSED. A SIMILAR SCHEME TO OBTAIN A DESIRED OUTCOME WAS REPORTED TO THIS COURT PERTAINING TO THE U.S MARSHALS SERVICE, OR AS THEY ARE LISTED ON DUN AND BRADSTREET, MARSHALS SERVICE, UNITED STATES 100 CENTENNIAL MALL N., LINCOLN, NE. 68508 DUNS NUMBER 165329280, BY PETITIONER THEREIN DISCLOSING AN EMAIL FROM CHERYL ZWART TO U.S. ATTORNEY JAN SHARP WHEREBY THE JUDGE, CHERYL ZWART IS DOING PREPERATION FOR THE U.S. ATTORNEY IN SUPPORT OF HIS POSITION TO ENFORCE THE MARSHALS SERVICES' CORPORATE POLICY ON ME AGAINST MY RELIGION TO INJECT ME WITH AN UNKNOWN CHEMICAL OR EXPOSE ME TO RADIATION WHICH CAN CAUSE CANCER. CLEARLY JUDGE ZWART IS PREJUDICED AND IS COMMITTING FRAUD UPON THE COURT. (SEE ATTACHED E-MAIL FROM CHERYL ZWART TO U.S. ATTORNEY JAN SHARP 12/18/2017)

12. THAT THE DEADLINE OF JANUARY 2, 2018 FOR PLAINTIFFS' ATTORNEY TO PROVIDE DISCOVERY TO PETITIONER HAS PAST, AND NO DISCOVERY WAS PROVIDED TO PETITIONER BY THE U.S. ATTORNEY ON OR BEFORE THAT JANUARY 2, 2018 DEADLINE AND AS SUCH, SUPPRESSION OF ALL EVIDENCE BY THE U.S. ATTORNEY IS HEREBY DEMANDED THAT INCLUDES ANY EVIDENCE OBTAINED FROM THE TSILHQOT'IN NATION-COUNTRY OF THE CHILCOTIN DIPLOMAT TRANSPORT AIR PLANE OR MISSION.

20. GIVEN THE FACT IT WAS UNLOCKED AND UNSUPERVISED IN A COMMUNITY HANGAR WITH A KEY ACCESSABLE TO ANYONE FROM JANUARY 12, 2017 UNTIL THE ALLEGED SEARCH ON MARCH 22, 2018, THERE IS NO VERIFIABLE WAY TO KNOW WHAT WAS IN THE PLANE ON JANUARY 12, 2018 OR REMOVED FROM OR ADDED TO THE PLANE PRIOR TO THE ILLEGAL SEARCH IN VIOLATION OF THE VIENNA CONVENTION ON DIPLOMATIC RELATIONS ARTICLE 22. ON DECEMBER 20, 2017, AN "IDENTITY HEARING" WAS HELD WITHOUT ADVANCED NOTICE TO PETITIONER WHEREAT, THE U.S. ATTORNEY ONLY WITNESS, FBI SPECIAL AGENT MONTE R. CZAPLEWSKI TESTIFIED AND THE U.S. ATTORNEY ENTERED AS (GOVERNMENTS EXHIBIT 3, 12/20/2017) THE ONLY IDENTIFICATION PETITIONER HAD WHEN ARRESTED BY THE FBI SWAT TEAM WAS HIS TSILHQOT'IN IDENTIFICATION CARD WHICH IDENTIFIES THAT, Michael Wayne Parsons (IN UPPER AND LOWER CASE LETTERS) IS A TRIBAL MEMBER, AMBASSADOR, JUSTICE AND DIPLOMAT OF THE TSILHQOT'IN NATION-COUNTRY OF CHILCOTIN; AUTHORIZED BY CHILCOTIN NATIONAL CONGRESS. PETITIONER FURTHER PROVED HIS STATUS LISTED ON HIS TSILHQOT'IN ID CARD WITH A NOTICE TO COURT LETTER SIGNED BY GRAND CHIEF STANLEY STUMP SR WHICH STATES, "AS A DIPLOMAT AND DIGNITARY OF THE TSILHQOT'IN NATION, AMBASSADOR ASSOCIATE JUSTICE Michael Wayne Parsons IS FREE FROM THE JURISDICTION OF ALL TENNESSEE AND U.S. COURTS," DATED MARCH 22 2016 (DEFENDANT'S EXHIBIT 101, 12/20/2017), MY BIO LISTING SOME OF MY WORK AS AMBASSADOR OF THE TSILHQOT'IN NATION (DEFENDANTS EXHIBIT 102, 12/20/2017), THE DECLARATION OF A NEW COUNTRY CALLED THE "CHILCOTIN" UPON SOVEREIGN TSILHQOT'IN TERRITORY, SIGNED BY HEREDITARY GRAND CHIEF STANLEY STUMP SR AND SERVED UPON THE UNITED NATIONS SECRETARY GENERAL BEN KI-MOON ON JUNE 20, 2016 (DEFENDANTS EXHIBIT 103, 12/20/2017) MY TSILHQOT'IN LETTER OF APPOINTMENT AND TRIBAL MEMBERSHIP, SIGNED BY HEREDITARY GRAND CHIEF STANLEY STUMP SR, ON DECEMBER 13, 2015 (DEFENDANTS EXHIBIT 107, 12/20/2017) THE TSILHQOT'IN LETTER OF DECLARATION, THAT HEREDITARY GRAND CHIEF STANLEY STUMP SR. HAVING BEEN VOTED BY AND RECOGNIZED BY THE TSILHQOT'IN PEOPLE AND SURROUNDING TRIBAL NATIONS AS LEADER AND REPRESENTATIVE OF THE COLLECTIVE TSILHQOT'IN NATION AND THE CHILCOTIN NATIONAL CONGRESS, RULING AND GOVERNING BODY FOR THE TSILHQOT'IN NATION PURSUANT TO SECTION (6-8) OF THE CONSTITUTION OF THE TSILHQOT'IN, SIGNED BY HEREDITARY GRAND CHIEF STANLEY STUMP SR. MARCH 6, 2016 (DEFENDANT'S EXHIBIT 108, 12/20/2017) MY ORDINATION AS A NATIVE AMERICAN MINISTER, MEDICINE MAN AND TRADITIONAL LEADER (DEFENDANT'S EXHIBIT 109, 12/20/2017)

AN ENLARGED COPY OF MY STATUS/ID CARD OF THE TSILHQOT'IN NATION - COUNTRY OF CHILCOTIN (DEFENDANT'S EXHIBIT 111, 12/20/2017) THE AFORMENTIONED APRIL 24, 2017 LETTER FROM HEREDITARY GRAND CHIEF STANLEY STUMP SR. TO ALL AUTHORITIES OF THE UNITED STATES OF AMERICA THAT, "AMBASSADOR AND ASSOCIATE CHIEF JUSTICE Michael Parsons IS A TSILHQOT'IN TRIBAL MEMBER AND A MEMBER OF THE CHILCOTIN NATIONAL CONGRESS IN THE COUNTRY OF CHILCOTIN... Michael Parsons IS NOT A U.S. CITIZEN. (DEFENDANT'S EXHIBIT 112, 12/20/2017) AND FINALLY, MY A-1 DIPLOMATIC VISA CONFIRMATION # AA00GNVH076 FROM THE UNITED STATES DEPARTMENT OF STATE, (DEFENDANT'S EXHIBIT 113, 12/20/2017) ALL OF WHICH IS CLEAR AND UNDISPUTED PROOF OF MY STATUS AS THE AMBASSADOR OF THE SOVEREIGN TSILHQOT'IN NATION - COUNTRY OF CHILCOTIN.

21 THIS CLEAR AND UNDISPUTED FACT OF MY STATUS AND THE CLEAR AND UNDISPUTED FACT THAT THE TSILHQOT'IN NATION IS A RECOGNIZED SOVEREIGN 1ST NATION EXISTING LONG BEFORE THE U.S. OR CANADA AND THIS COURT SHALL TAKE JUDICIAL NOTICE OF THIS FACT FOUND IN TSILHQOT'IN NATION V. BRITISH COLUMBIA (2014) SCC44. ALL THIS IS THE FOUNDATION THAT THE INFORMATION PROVIDED TO PETITIONER ON JANUARY 1?, 2018 SOME 14 DAY AFTER THE DEADLINE HAD PAST FOR THE U.S. ATTORNEY TO PROVIDE PETITIONER WITH DISCOVERY AS ORDERED BY THE COURT ON 12/18/2017 AND 12/20/2017 THAT THE U.S. ATTORNEY DEAL WITH PETITIONER DIRECTLY SINCE I WAS NOT REPRESENTED BY COUNSEL THEREBY SUPPORTING PETITIONING DEMAND TO SUPPRESS ALL EVIDENCE OF THE PLAINTIFF UNITED STATES OF AMERICA AND THAT THAT EVIDENCE IS FALSE. IT IS A COLLECTION OF MANIPULATED AND STACKED INFERENCES, LIES, OMISSION OF FACTS AND FALSE OPINION LATENT AND UNSIGNED AFFIDAVITS THAT ARE COMPLETELY VOID OF THE TRUTH, AND WITH CAREFULL EXAMINATION EXPOSES A CONSPIRACY TO PUNISH AND IMPRISON ANYONE WHO ESPOUSES TRADITIONAL AMERICAN VALUES OF BEING INDEPENDANT, SELF-SUFFICIENT, SELF GOVERNING, IS NOT DEPENDENT ON OR FINANCIALLY SUPPORTING ONE OF THE CORPORATE GOVERNMENT AGENCIES THEY PROMOTE OR ARE EXPOSING AND OR CRITICAL OF CORRUPTION IN GOVERNMENT.

22 THE FBI HAVE IN THIS MATTER EXPOSED THEIR SCHEME OF ENTRAPMENT OF WE THE PEOPLE FOR EXERCISING OUR GOD GIVEN RIGHTS INCLUDING SELF DETERMINATION AS ENSHRINED IN THE DECLARATION OF INDEPENDENCE, MONTEVIDEO CONVENTION ON RIGHTS AND DUTIES OF STATES, INTERNATIONAL LAW, MOST STATES' CONSTITUTIONS AND THE CONSTITUTION FOR TSILHQOTIN NATION.

23. THEREIN, THE FBI REPORT BY MONTE R. CZAPLEWSKI ENTRY DATE OF 03/20/2017 STATES THAT, "ON 03/20/2017, (FBI) SPECIAL AGENT MONTE R. CZAPLEWSKI, APPEARED BEFORE JUDGE CHERYL ZWART VIA SECURE INTERNET CONNECTION... TO SWEAR OUT A FEDERAL SEARCH WARRANT FOR A 1964 PIPER PA-28-140 WITH AN OBSCURED TAIL NUMBER N6402W, SERIAL NUMBER 28-2020471.

24. RULE 41(d)(2)(c) REQUIRES A RECORDING, "TESTIMONY TAKEN IN SUPPORT OF A WARRANT MUST BE RECORDED BY A COURT REPORTER OR BY A SUITABLE RECORDING DEVICE, AND THE JUDGE MUST FILE THE TRANSCRIPT OR RECORDING WITH THE CLERK, ALONG WITH ANY AFFIDAVIT."

25. THERE IS NO SUCH TRANSCRIPT OR RECORDING IN THE RECORD OF THIS MATTER 4:17 CR 3038, NOR IN THE INFORMATION PROVIDED AND THE AFFIDAVIT PAGE (14) IS MISSING AND THE AFFIDAVIT WAS NOT SIGNED OR NOTORIZED. AS SUCH, THE AFFIDAVIT AND SEARCH WARRANT ARE DEFECTIVE AND ANYTHING SEIZED THROUGH IS INADMISSIBLE.

26. THE AFFIDAVIT OF FBI SPECIAL AGENT MONTE R. CZAPLEWSKI STATES AT PARAGRAPH (4) LINE 1, "THE... AIRPLANE, IS CURRENTLY HOUSED IN A SECURED HANGAR AT THE ARAPAHOE AIRPORT." LINE 18, "THE AIRCRAFT IS CURRENTLY SECURED IN A LOCKED NORTH HANGAR." (9) LINE 1, "ON 01/12/2017, AFTER THE ARREST OF PARSONS... LINE 8, "THE SHERIFF NOTICED THROUGH THE WINDOW SEVERAL ITEMS INCLUDING LUGGAGE INSIDE THE AIRCRAFT", LINE 11, "THE SHERIFF THEN LOCKED THE AIRCRAFT DOOR AND SECURED THE KEY IN EVIDENCE. THE SHERIFF HAS NOT CONDUCTED ANY SEARCH OF THE AIRPLANE." (22) LINE 1, "ON 03/14/2017, THE FURNAS COUNTY SHERIFF ADVISED YOUR AFFIANT THAT HE HAD CHECKED ON THE AIRPLANE TO CONFIRM THAT THE AIRPLANE HAD NOT BEEN TAMPERED WITH."

27. HOWEVER, AN UNSIGNED FURNAS COUNTY SHERIFF'S REPORT DATE: 03/13/2017 STATES AT (1) "ON MARCH 10, 2017... DURING THAT CONVERSATION, MR. VLEVERKA ALSO ADVISED ME THAT HE HAD OPENED THE PLANE AND THAT THERE WERE KEYS INSIDE THE PLANE UNDER THE FLOOR MAT." (2) "ON MARCH 12, 2017, I DROVE OUT TO THE ARAPAHOE AIR PORT AT APROXIMATELY 8:15 AM. I HAD NOT BEEN TO THE AIRPORT AND OR HANGER SINCE JANUARY 12, 2017 WHEN MICHAEL PARSONS WAS ARRESTED." (3)... "AT APROXIMATELY 8:30 AM... I WALKED AROUND THE PLANE... AND NOTICED THAT THE DOOR WAS SLIGHTLY AJAR. IT SHOULD BE NOTED THAT ON JANUARY 12, 2017 I LOCKED THE DOOR AND TOOK THE KEYS BACK TO THE

SHERIFF'S OFFICE WHERE THEY ARE STILL LOCATED. AS I WALKED AROUND THE WING OF THE PLANE I NOTICED THAT THERE WAS A NOTICE TAPED TO THE SIDE OF THE AIRPLANE... THE NOTICE STATES "NO TRESPASSING PERMITTED TO UNAUTHORIZED PERSONS, PROPERTY OF THE COUNTRY OF THE CHILCOTIN, VIOLATORS WILL BE PROSECUTED, BY THE HONOURABLE GRAND CHIEF STANLEY STUMP SR." THIS IS PROOF, CLEAR AND UNDISPUTABLE 1ST HAND KNOWLEDGE THAT THE COMMUNITY HANGAR AND AIRCRAFT WERE NOT SECURLY LOCKED AS FBI AGENT MONTE R. CZAPLEWSKI CLAIMED FROM JANUARY 12, 2017 UNTIL HIS SEARCH ON MARCH 22, 2017. THE ARAPAHOE AIRPORT INFORMATION (DOCUMENT 123 OF DISCOVERY MATERIAL PAGES #1-484) STATES UNDER SERVICES OFFERED INCLUDE: "COMMUNITY" AIRPORT HANGAR SPACE, FULL PILOT CONVENIENCE AND AMENITES, 24 HOUR 100LL FUEL SYSTEM, 24 HOUR LANDING, THAT MEANS THE HANGAR DOOR KEY IS ACCESSABLE TO ANYONE 24/7.

28. ON 03/20/2017 FBI SPECIAL AGENT MICHAEL P. DUPLER REPORTED THAT ON 03/16/2017, (1) A PHYSICAL SURVEILLANCE OF A MEETING BETWEEN ANTHONY WIEVERKA AND FBI UNDER COVER EMPLOYEE (UCE) 3947 WAS CONDUCTED... THE SURVEILLANCE WAS CONDUCTED FBI SPECIAL AGENT MICHAEL P. DUPLER, MONTE CZAPLEWSKI, PHIL LENZ AND JTTF OFFICER CHRIS REA. (9)" 12:08 PM WIEVERKA, UCE 3947 AND THIRD PARTY ENTER THE AIRCRAFT HANGER AREA OF THE AIRPORT." (10)" 12:18 PM - WEVERKA, UCE 3947 AND THIRD PARTY EXIT THE AIRCRAFT HANGER AREA OF THE AIRPORT." (DOCUMENT 131 OF DISCOVERY MATERIAL PAGES # 1-484) ON 03/21/2017 FBI SPECIAL AGENT MONTE R. CZAPLEWSKI REPORTED THAT, (1)" ON 03/17/2017, FBI SPECIAL AGENT MONTE R. CZAPLEWSKI... RECEIVED A HOLDREGE POLICE DEPARTMENT/PHELPS COUNTY SHERIFF'S OFFICE REPORT... THE REPORT WAS WITH ANTHONY T. WEVERKA,... WIEVERKA CONTACTED THE HOLDREGE POLICE DEPARTMENT ON 03/17/2017 AT APPROXIMATELY 8:38 PM TO REPORT THAT AN "ANTI-GOVERNMENT" GROUP HAD AN AIR PLANE IN ARAPAHOE AND HAD THREATENED THE FURNAS COUNTY SHERIFF." (DOCUMENT 133 OF DISCOVERY MATERIAL PAGES # 1-484) ON 03/17/2017, HOLDREGE PD/PHELPS COUNTY OFFICER 430 MITCH JONES REPORT OF CALLER ANTHONY T. WIEVERKA THE 1 PARAGRAPH CONTAINS THE FOLLOWING; "THE ARRESTED PILOT BELONGS TO AN "ANTI-GOVERNMENT" GROUP THAT HAS THREATENED THE SHERIFF IN FURNAS COUNTY. THIS GROUP ALSO OWNS THE PLANE IN QUESTION... HE SAID HE TOLD THE SHERIFF ABOUT EVERYTHING BUT IS WANTING TO KNOW IF THERE IS MORE HE SHOULD DO. HE SAID A MEMBER OF THE ANTI-GOVERNMENT GROUP WAS AT

THE AIRPORT TODAY AND WAS VERY SUSPICIOUS, HE SAID HE WAS FROM COLORADO AND WAS DRIVING A BLCK FORD F150 HARLEY DAVIDSON ADDITION WITH COLORADO PLATES." (DOCUMENT 134 OF DISCOVERY MATERIAL PAGES #1-484) (1) "ON MAY 15/2017 FBI SPECIAL AGENT MONTE R. CZAPLEWSKI REPORTED THAT; "ON 05/09/2017 AT APPROXIMATELY 10:20 AM, HOLDREGE, NEBRASKA POLICE DEPARTMENT (SGT) MITCH JONES WAS INTERVIEWED." (3) SA CZAPLEWSKI REFERENCED SGT. JONES REPORT WHICH STATED THE GROUP WAS "ANTI-GOVERNMENT." SGT. JONES COULD NOT RECALL IF WEVERKA HAD SPECIFICALLY USED THE TERM "ANTI-GOVERNMENT," HOWEVER, IT WAS INFERRED FROM WEVERKA'S STATEMENTS THE GROUP WAS ANTI-GOVERNMENT." (DOCUMENT 470 OF DISCOVERY MATERIAL PAGES #1-484) THE PREVIOUS ACCOUNTS FROM THE FBI'S OWN REPORTS DEMONSTRATES THE CONCERN OF MR. WEVERKA WAS DIRECTLY RELATED TO THE FBI'S STAGED MEETING WITH THEIR UNDERCOVER EMPLOYEE 3947 AND WHEN QUESTIONED DIRECTLY, SGT MITCH JONES COULD NOT RECALL IF THE TERM "ANTI-GOVERNMENT" WAS HIS OPINION BECAUSE "HE COULD NOT RECALL IF WEVERKA HAD SPECIFICALLY USED THE TERM ANTI-GOVERNMENT." WEVERKA'S CONCERN WAS CLEARLY RELATED TO THE FBI ENTRAPMENT SCHEME, NOT PETITIONER AMBASSADOR Michael Parsons, MRS. PARSONS, CHIEF JUSTICE HOLLAND OR THE AIRPLANE THAT WEVERKA MADE ACCESSABLE TO HIMSELF AND OTHERS WITH HIS OWN KEY THROUGHOUT THE 70+ DAYS THE AIRCRAFT WAS IN HIS COMMUNITY HANGER RENDERING THE "FRUITS, EVIDENCE, AND INSTRUMENTALITIES" THEREOF UNCERTAIN AND INADMISSABLE, THE EVIDENCE ILLEGALLY OBTAINED IN THIS MATTER WAS OBTAINED BY AN APPLICATION FOR A SEARCH WARRANT OF "FBI SA. MONTE R. CZAPLEWSKI" AND, "THE APPLICATION IS BASED ON THESE FACTS: SEE ATTACHED AFFIDAVIT" (DOCUMENT 136 OF DISCOVERY MATERIAL PAGES #1-484) IN THIS MATTER FASLSE STATEMENTS OF FBI SPECIAL AGENT MONTE R. CZAPLEWSKI WERE NOT VERIFIED BY THE COURT THAT SIGNED SAID WARRANT TO SEARCH SAID AIRPLANE, HAD THE COURT HAD THE REPORTS OF THE FBI AND THE FURNAS COUNTY SHERIFF, IT WOULD HAVE KNOWN THE FALSE STATEMENTS BY FBI SPECIAL AGENT MONTE R. CZAPLEWSKI USED IN HIS SWORN AFFIDAVIT WERE NOT TRUE, AS SUCH IT WOULD HAVE NEVER SIGNED THE SEARCH WARRANT THEN, NOR THIS MATTER BEING REVIEWED TODAY.

29. AS WE ALL KNOW, IN ORDER TO BE CHARACTERIZED AS AN AFFIDAVIT, A DOCUMENT MUST CONTAIN FACTS ("TRUTH") ONLY ON THE BASIS OF FIRST HAND, PERSONAL KNOWLEDGE, NOT CONJECTURE, THEORY, OR HEARSAY. THE FACTS STATED MUST EXPRESS DIRECT KNOWLEDGE OF THE AFFIANT (NOT "INFORMATION AND BELIEF," WHICH IS HEARSAY). NOR CAN AN AFFIDAVIT BE ARGUMENTATIVE OR DRAW CONCLUSIONS OF LAW. AND FINALLY, AN AFFIDAVIT, AS A SOLEMN AND SWORN STATEMENT OF TRUTH, AUTOMATICALLY RENDERS THE AFFIANT THE SUBJECT OF CHARGES OF PERJURY IF ANY PORTION OF HIS AFFIDAVIT IS FALSE.

30. THOSE PREVIOUSLY REFERENCED STATEMENTS AND THOSE ABOUT TO BE PRESENTED ARE NOT STATEMENTS OF FACT BASED ON 1ST HAND OBSERVATIONS OF FBI SPECIAL AGENT MONTE R. CZAPLEWSKI BUT REFERENCES TO UNSWORN REPORTS WHICH ARE ULTIMATELY PROVEN FALSE.

31. HEARSAY INVALIDATES AN AFFIDAVIT. FBI SPECIAL AGENT MONTE R. CZAPLEWSKI AFFIDAVIT IN SUPPORT OF HIS PETITION FOR A SEARCH WARRANT AT (5) STATES, "THE STATEMENTS CONTAINED IN THIS AFFIDAVIT ARE BASED ON DOCUMENTS... INTERVIEWS AND ON MY EXPERIENCE... AS A SPECIAL AGENT OF THE FBI AND THE EXPERIENCE OF OTHER SPECIAL AGENTS OF THE FBI..." IN OTHER WORDS, THIS AFFIDAVIT IS BASED ON HEARSAY AND NOT 1ST HAND OBSERVATIONS OR FACTS OF THE AFFIANT. THEREFORE, IT IS INADMISSABLE.

32. AT (6) "YOUR AFFIANT ALLEGES... THERE IS PROBABLE CAUSE TO BELIEVE..." AFFIDAVITS CAN NOT ALLEGE, BUT MUST STATE FACTS AND 1ST HAND KNOWLEDGE." THAT TODD WEVERKA, ZSUZSANNA HOLLAND, MICHAEL PARSONS, AND PAT PARSONS HAVE COMMITTED THE... CONSPIRICY TO KIDNAP 18 U.S.C. §1201(c)." HERE, THE AFFIANT FBI SPECIAL AGENT MONTE R. CZAPLEWSKI "ALLEGES" PETITIONER CONSPIRED TO KIDNAP BUT THE REST OF HIS AFFIDAVIT AND ALL OF HIS REPORTS, RECORDED PHONE CALLS AND ALL OTHER ARE VOID OF ANY EVIDENCE OR ASSERTION PETITIONER CONSPIRED TO DO ANYTHING. AT (7) "YOUR AFFIANT SUBMITS THERE IS PROBABLE CAUSE TO BELIEVE THAT THE AIRPLANE LOCATED AT LOCKED HANGER... HAD BEEN USED BY WEVERKA AND HOLLAND TO ENGAGE IN CRIMINAL OFFENSES AND THAT IT NOW CONTAINS, FRUITS, EVIDENCE, AND INSTRUMENTALITIES OF CRIMINAL OFFENSES AGAINST THE UNITED STATES, PARTICULARLY VIOLATIONS OF THE FEDERAL FIREARMS STATUTES..." HERE, FBI SPECIAL AGENT MONTE R. CZAPLEWSKI SPECIFICALLY OMMITTED PETITIONER Michael Parsons AND PAT PARSONS AS HAVING USED THE AIRPLANE THAT "NOW CONTAINS, FRUITS, EVIDENCE AND INSTRUMENTALITIES OF CRIMINAL OFFENSES AGAINST THE UNITED STATES"..

THEREBY RENDERING THE INDICTMENT 4:17-CR-3038 VOID. AT [8] FBI SPECIAL AGENT MONTE R. CZAPLEWSKI STATES, "ON 01/11/2017, THE FBI GRAND ISLAND RESIDENT AGENCY WAS CONTACTED BY FBI MEMPHIS IN REGARD TO LOCATING MICHAEL PARSONS, WHO WAS A FUGITIVE AND THE SUSPECT OF AN ONGOING CRIMINAL INVESTIGATION INTO SUSPECTED SOVEREIGN CITIZEN EXTREMISM, SPECIFICALLY THE UNIVERSAL SUPREME COURT OF THE TSILHQOT'IN NATION (USCTN). THE FBI FURTHER DEFINES SOVEREIGN CITIZEN EXTREMISM AS ANTI-GOVERNMENT EXTREMISTS WHO BELIEVE THAT EVEN THOUGH THEY PHYSICALLY RESIDE IN THIS COUNTRY, THEY ARE SEPARATE OR "SOVEREIGN FROM THE UNITED STATES. AS A RESULT, THEY BELIEVE THEY DO NOT HAVE TO ANSWER TO ANY GOVERNMENT AUTHORITY, INCLUDING COURTS, TAXING ENTITIES, MOTOR VEHICLE DEPARTMENTS, OR LAW ENFORCEMENT. THE USCTN IS A SOVEREIGN CITIZEN GROUP LOCATED ON AN INDIAN RESERVATION IN BRITISH COLUMBIA, CANADA." THAT STATEMENT BY FBI SPECIAL AGENT CZAPLEWSKI OBTAINED BY THE FBI IS TOTALLY FALSE. THE TSILHQOT'IN IS A SOVEREIGN 1ST NATION OF AUTONOMOUS PEOPLE. THEY ARE THE HOST NATION TO THE GUEST CANADA. THEY ARE NOT CITIZENS OR SUBJECTS OF CANADA. THE UNIVERSAL SUPREME COURT OF THE TSILHQOT'IN (USCT) WAS CREATED BY AN ACT OF THE CONSTITUTION FOR THE TSILHQOT'IN NATION. THEY WORK WITH THE CHILCOTIN NATIONAL CONGRESS (CNC) WHO HAVE BEEN THE GOVERNING AUTHORITY FOR OVER 40 YEARS. THE TSILHQOT'IN NATION, USCT AND CNC HAVE NO INVOLVEMENT WITH THE AFFAIRS OF ANY OTHER GOVERNMENT UNLESS THEY ARE ATTACKED OR OPPRESSED BY OTHER GOVERNMENTS, EVEN THE CORPORATIONS POSING AS GOVERNMENT. THE PEOPLE OF THE TSILHQOT'IN RECOGNIZE TRUE GOVERNANCE WHICH IS SELF GOVERNANCE AND GOVERNANCE BY AN ILLEGITIMATE AUTHORITY ACTING AGAINST THE WILL OF THE PEOPLE IS FRAUD. CLEARLY THEY ARE NOT ANTI-GOVERNMENT, THEY ARE ANTI-CORRUPT GOVERNMENT AND ANTI ILLEGITIMATE AUTHORITY POSING AS GOVERNMENT LIKE THE FBI WHICH IS A CORPORATION LISTED ON DUN AND BRADSTREET DUNS NUMBER 050197363 AND OTHERS (SEE ATTACHMENT). CLEARLY THE DEMONIZATION OF A SOVEREIGN NATIVE AMERICAN 1ST NATION BY REFERRING TO MEMBERS OF THEIR GOVERNMENT AS SOVEREIGN CITIZENS IS REMINISCENT OF THOSE CRITICAL OF THE AGENTS OF THE U.S. GOVERNMENT WHO ASSINATED JOHN F. KENNEDY. THE FBI CALLED THEM "CONSPIRACY THEORIST." THIS COURT SHALL TAKE NOTICE OF THE HISTORY OF FBI ABUSE,

THAT HISTORY OF ABUSE INCLUDE THE FBI KILLING AMERICANS AT RUBY RIDGE INCLUDING SHOOTING A WOMAN HOLDING HER INFANT DAUGHTER, HER SON SHOT IN THE BACK BY AN FBI SNIPPER AS WELL AS THEIR FAMILY DOG SIMPLY BECAUSE HE BARKED AT FBI AGENTS CREEPING THROUGH THE WOODS, THE KILLING OF MEN WOMAN AND CHILDREN IN WACO TEXAS AND THE MOST RECENT KILLING OF AN UNARMED PROTESTER IN OREGON, THEY ARE AS ANTI-AMERICAN AS IT GETS, AND LIKE MOST AMERICANS WHO SUPPORT THE FOUNDATION OF THE REPUBLIC THIS NATION WAS BUILT UPON WHICH REQUIRES SELF GOVERNANCE WE DON'T NEED THE FBI AND THE CORPORATION FOR WHICH THEY SUPPORT, WE STAND AS A NATION UNDER GOD, AND YOU ARE WELCOME TO JOIN US OR LEAVE WE THE PEOPLE ALONE.

CASE LAW

"SOVEREIGNTY ITSELF IS, OF COURSE, NOT SUBJECT TO LAW, FOR IT IS THE AUTHOR AND SOURCE OF LAW, BUT IN OUR SYSTEM, WHILE SOVEREIGN POWERS ARE DELEGATED TO THE AGENCIES OF GOVERNMENT, SOVEREIGNTY ITSELF REMAINS WITH THE PEOPLE, BY WHOM AND FOR WHOM ALL GOVERNMENT EXIST AND ACTS." (YICK WO V. HOPKINS, 118 US 353)

UPON REVIEWING THE FBI REPORTS, IT IS CLEAR THEY ARE ENGAGING IN A SCHEME TO ENTRAP THOSE WHO ASSERT TRUE AMERICAN TRADITIONAL VALUES OF LIVING INDEPENDANT, SELF SUFFICIENT AND SELF GOVERNING. THE FOUNDATION OF THE AMERICAN REPUBLIC IS BASED UPON THESE VALUES. HOWEVER, THE FBI HAVE CONCOCKED A SCHEME OF DEMONIZING THOSE WHO ARE NOT DEPENDENT UPON THE GOVERNMENTAL AGENCIES THEY SUPPORT, LIKE THE TERM CONSPIRACY THEORIST, USED IN THE 1960'S AGAINST TRUTH TELLERS RELATING TO THE GOVERNMENT ASSINATION OF KENNEDY, TODAY THEY REFER TO THOSE CRITICAL OF CORPORATIONS POSING AS GOVERNMENT AS "SOVEREIGN CITIZENS." CLEARLY THEY ARE EITHER IGNORANT OF THE DEFINITION OF THE WORD SOVEREIGN, WHICH CREATOR AND ULTIMATE AUTHORITY OR THEY ASSUME THE PUBLIC ARE TO LAZY TO LOOK IT UP. HEREIN, I AM CONFIDENT THIS REVIEWING COURT WILL ACTUALLY VERIFY THE FACT THE PREVIOUS COURT DID NOT AND DISMISS THIS MATTER WHEREAS THE FACTS SHOW THE FBI ARE MASTERS AT SOLVING CRIMES THEY THEMSELVES CREATED.

33. THAT PARAGRAPHS 1-32 OF THIS PETITION GIVES NOTICE OF THE COLLUSION AND CLEAR CONSPIRACY BY THE COURT, FBI, U.S. MARSHAL SERVICE, U.S. ATTORNEY FOR THE UNITED STATES DEPARTMENT OF JUSTICE, U.S. DISTRICT COURT OF NEBRASKA AND THE FEDERAL PUBLIC DEFENDER OF NEBRASKA TO DENY PETITIONER HIS LIFE, LIBERTY AND PROPERTY AS WELL AS DENYING MY WIFE AND FAMILY THEIR RIGHT TO ME AND THE RIGHTS OF THE SOVEREIGN PEOPLE OF THE TSILHQOT'IN NATION - COUNTRY OF THE CHILCOTIN WHO HAVE BEEN DENIED THE BENEFIT OF MY MINISTRY AND WORK ON ACCOUNT OF MY PERFORMANCE IN MY OFFICIAL CAPACITY AND DUTY AS THE AMBASSADOR OF THE SOVEREIGN TSILHQOT'IN NATION - COUNTRY OF THE CHILCOTIN, BEING STOPED BY AN FBI SWAT TEAM ARMED WITH MACHINE GUNS THEY POINTED AT MY HEAD WITH THEIR FINGERS ON THE TRIGGERS WHILE I WAS ONLY ARMED WITH A 12OZ CUP OF McDONALDS COFFEE, A CELL PHONE AND MY TSILHQOT'IN STATUS CARD LISTING ME AS AMBASSADOR, THIS ABUSE OF POWER IS UNACCEPTABLE IN ANY FREE COUNTRY BUT MORE RESEMBLES THAT OF A BANANA REPUBLIC OR A CORRUPTED GOVERNMENT NOT WORTHY OF WE THE PEOPLE. WHEREFORE THESE REASONS, I MAKE THREE DEMANDS'

CERTIFICATE OF SERVICE

PETITIONER, AMBASSADOR Michael Parsons OF THE SOVEREIGN TSILHQOT'IN NATION - COUNTRY OF THE CHILCOTIN, HEREBY CERTIFY THAT THE FORGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND THAT THE FORGOING WAS BEEN GIVEN TO THE CORRECTIONAL OFFICER FOR PLACEMENT INTO THE INSTITUTIONAL MAIL SYSTEM THIS JANUARY 17, 2018 AT THE SALINE COUNTY JAIL IN WILBER NEBRASKA AND ADDRESSED TO THE CLERK OF THE U.S. DISTRICT COURT, 100 CENTENNIAL MALL SUITE 587 FEDERAL BUILDING, LINCOLN NEBRASKA 68508. PER FEDERAL RULES IS DEEMED FILED TODAY JANUARY 17, 2018.

UNDER DURESS WITHOUT PREJUDICE (INSTRUCTIONS TO CLERK TO ALSO FORWARD TO U.S.A.)

[signature]

AMBASSADOR Michael Parsons
TSILHQOT'IN NATION - COUNTRY OF THE CHILCOTIN
c/o SALINE COUNTY JAIL 911 SOUTH MAIN WILBER, NEBRASKA 68465



RE: TB testing research
Sharp, Jan (USANE)
to:
Cheryl_Zwart@ned.uscourts.gov, John_Vanderslice@fd.org
12/18/2017 04:44 PM
Hide Details
From: "Sharp, Jan (USANE)" <Jan.Sharp@usdoj.gov>
To: "Cheryl_Zwart@ned.uscourts.gov" <Cheryl_Zwart@ned.uscourts.gov>, "John_Vanderslice@fd.org" <John_Vanderslice@fd.org>

Thank you Judge. I will review this before our hearing on Wednesday.

THIS WOULD INDICATE THE JUDGE IS DOING HEARING PREPERATION FOR PLAINTIFFS ATTORNEY. AS WAS THE CASE ON 12/18 AND 12/20 ZWART IS NOT ACTING AS JUDGE BUT ADVOCATE FOR PROSECUTOR OBVIOUSLY THIS EMAIL WAS PUT INTO MY STACK BY MISTAKE.

**From:** Cheryl_Zwart@ned.uscourts.gov [mailto:Cheryl_Zwart@ned.uscourts.gov]
**Sent:** Monday, December 18, 2017 4:36 PM
**To:** Sharp, Jan (USANE) <JSharp@usa.doj.gov>; John_Vanderslice@fd.org
**Subject:** TB testing research

Counsel:

I did not do a deep dive on this, but here is what I found:

Darby v. Schuetzle, No. 1:09-CV-004, 2009 WL 700631, at *5 (D.N.D. Mar. 13, 2009).

I AM NOT A PRISONER IN A PRISON. I AM A PRE-TRIAL DETAINEE

I AM NOT A PRISONER

"Although prisoners retain their constitutional rights, limitations may be placed on the exercise of those rights in light of the needs of the penal system." Murphy v. Missouri Dept. of Corrections, 372 F.3d 979, 982 (8th Cir.2004). "Constitutional claims that would otherwise receive strict scrutiny analysis if raised by a member of the general population are evaluated under a lesser standard of scrutiny in the context of a prison setting." Id. (citing Turner v. Safley, 482 U.S. 78, 84 (1987)). "A prison regulation or action is valid, therefore, even if it restricts a prisoner's constitutional rights if it is 'reasonably related to legitimate penological interests.' " Id. (quoting Turner v. Safley, 482 U.S. 78, 89)). When determining the reasonableness of the regulation at issue, courts consider the following four factors: (1) whether there exists a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) how the accommodation of the asserted constitutional right will affect guards, other inmates, and the allocation of prison resources; and (4) whether there are alternatives that fully accommodates the prisoner "at de minimis cost to valid penological interests." Turner v. Safley, 482 U.S. at 89–91).

PRE-DATES RFRA OF 1993

Washington v. Harper, 494 U.S. 210, 110 S. Ct. 1028, 108 L. Ed. 2d 178 (1990)

Prison policy authorizing treatment of nonconsenting mentally ill prisoner with antipsychotic drugs comported with requirements of substantive due process and did not unduly infringe upon prisoner's liberty interest in avoiding unwanted treatment, notwithstanding contention that alternatives to forced treatment existed, e.g., state could find prisoner incompetent and obtain court approval of treatment or could make use of physical restraints; regulation applied only to prisoners who were mentally ill and who, as result of their illness, were gravely disabled or represented significant danger to themselves or others, drugs could be administered for no purpose other than treatment and only under direction of licensed psychiatrist, and alternatives suggested by prisoner would not effectively respond to state's legitimate interests.

Benjamin v. Hobbs, 2012 WL 3985940 (E.D.Ark.), 2 (E.D.Ark.,2012):

The Eighth Circuit has recognized that prison officials must test prisoners for TB and take adequate measures to prevent that disease from spreading. DeGidio v. Pung, 920 F.2d 525, 527–28 (8th Cir.1990). Thus, prison officials do not violate prisoners' constitutional rights by involuntarily testing or treating them for TB. See Lee v.

## FEDERAL BUREAU OF INVESTIGATION

601 4TH ST NW
WASHINGTON, DC 20535-0003
(202) 278-2000

The following is the DUNS number for **FEDERAL BUREAU OF INVESTIGATION**:
DUNS number: **781570502**

## FEDERAL BUREAU OF INVESTIGATION

10TH & RHODE ISLAND AVENUE
WASHINGTON, DC 20090-0090
(202) 324-3000

The following is the DUNS number for **FEDERAL BUREAU OF INVESTIGATION**:
DUNS number: **174555748**

## FEDERAL BUREAU OF INVESTIGATION

935 PENNSYLVANIA AVE NW
WASHINGTON, DC 20535-0001
(202) 324-5942

**FEDERAL BUREAU OF INVESTIGATION**

935 PENNSYLVANIA AVE NW
WASHINGTON, DC 20535-0001
(202) 324-3000

The following is the DUNS number for **FEDERAL BUREAU OF INVESTIGATION**:
DUNS number: **878865674**

**FBI**

1325 G ST NW STE 300
WASHINGTON, DC 20005-3104

The following is the DUNS number for **FBI**:
DUNS number: **050197363**

**FEDERAL BUREAU OF INVESTIGATION**

932 PENNSYLVANIA AVE NW
WASHINGTON, DC 20535-0001
(202) 324-1846

The following is the DUNS number for **FEDERAL BUREAU OF INVESTIGATION**:
DUNS number: **038028291**

**FEDERAL BUREAU OF INVESTIGATION**

935 PENNSYLVANIA AVE NW
WASHINGTON, DC 20535-0001
(202) 324-3000

The following is the DUNS number for **FEDERAL BUREAU OF INVESTIGATION**:
DUNS number: **138926238**

**FEDERAL BUREAU OF INVESTIGATION**

935 PENNSYLVANIA AVE NW RM 5657
WASHINGTON, DC 20535-0001
(202) 324-5287

The following is the DUNS number for **FEDERAL BUREAU OF INVESTIGATION**:
DUNS number: **781570411**

MARSHALS SERVICE, UNITED STATES
100 CENTENNIAL MALL N
LINCOLN, NE 68508

The following is the DUNS number for **MARSHALS SERVICE, UNITED STATES**:
DUNS number: **165329280**


US MARSHALS SERVICE
1000 CRYSTAL SQUARE 3
WASHINGTON, DC 20530

The following is the DUNS number for **US MARSHALS SERVICE**:
DUNS number: **843720843**

Saline County Law Enforcement Center
From Inmate: AMBASSADOR Michael Parsons
P.O. Box 911
Wilber, NE 68465
* Inmate Mail Uncensored *

RTC
Address

1/17/2018

U.S. POSTAGE
PAID
WILBER, NE
68465
JAN 26, 18
AMOUNT
$1.84
R2304Y123185-05
1023
68508

THE HONORABLE JUDGE CHERYL R. ZWART
c/o CLERK OF THE U.S. DISTRICT COURT
100 CENTENNIAL MALL, SUITE 587 FEDERAL BUILDING
LINCOLN, NEBRASKA 68508

~~THE HONORABLE JUDGE ZWART
c/o CLERK OF THE U.S. DISTRICT COURT
100 CENTENNIAL MALL SUITE 587 FEDERAL BUILDING
LINCOLN, NEBRASKA 68508~~

?