IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MICHAEL WAYNE PARSONS,

Defendant.

**4:17CR3038**

**FINDINGS, RECOMMENDATIONS
AND ORDERS**

Liberally construed, Defendant's pro se letter, (Filing No. 50), raises:

- A motion to recuse;

- A motion to suppress the evidence obtained pursuant to a search warrant signed by the undersigned magistrate judge and for <u>Franks</u> hearing;

- A motion to strike all government evidence disclosed after the Rule 16 initial disclosure deadline;

- A motion to dismiss for lack of jurisdiction and on the basis of diplomatic immunity;

- A motion to dismiss the indictment for failing to allege a criminal offense; and

- A motion to dismiss for violating Defendant's rights to a speedy trial under the Sixth Amendment and the Speedy Trial Act.

For the reasons stated below, the undersigned magistrate judge will deny Defendant's motion to recuse and motion to exclude the government's evidence as untimely disclosed, and recommends that Defendant's motions to suppress and motions to dismiss be denied without a hearing.

The court will not rule of Defendant's motion to transfer the case to the North Platte trial docket absent affording the government an opportunity to respond.

## Motion to Recuse

Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988); see also United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (reasoning that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge).

"A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003). In support of his motion for recusal, Defendant argues the undersigned magistrate judge deceived Defendant as to the charges against him, colluded with the Federal Public Defender in appointing counsel for Defendant, acted improperly by sharing the court's research on the issue of

2

involuntary TB testing with counsel for both parties, and acted with extreme prejudice and bad behavior toward defendant.

Defendant has repeatedly been advised of the charges, and has received more than one copy of the indictment. There was no collusion with the FPD: As is the practice in this court, the FPD (John Vanderslice) was present and appointed to assist Defendant during the initial appearance, and he was allowed to withdraw only after Defendant instructed Mr. Vanderslice not to enter an appearance in the case. No ethics rules were violated by sharing my preliminary understanding of the relevant legal inquiry on mandatory tuberculosis (TB) testing with all parties prior to an evidentiary hearing on the issue. In fact, by providing advance notice, the parties were able to garner and present relevant evidence and prepare to argue that my understanding of the law was incorrect or incomplete, all of which permitted the court to promptly rule on the TB testing issue. And while I disagreed with Defendant's legal positions and entered rulings against him, as evidenced by the audio recordings of the hearings, I have not treated him with disrespect.

"[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d at 370. A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)). But she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). As the legislative history of 28 U.S.C. §455 explains, disqualification for lack of impartiality must have a reasonable basis.  Nothing in this legislation should be read to warrant

3

the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice.  House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S.Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

I am not biased, for or against, any of the parties to this case. Moreover, "a reasonable observer who is informed of all the surrounding facts and circumstances" would not conclude that I am unable to fairly consider and rule on the issues in this case. Cheney, 541 U.S. at 924. The plaintiff's motion to recuse will be denied.

## Motion to Suppress

Defendant's motion to suppress challenges the warrant application process and argues the information within the warrant application was untruthful.

Pursuant to Rule 41, a magistrate judge may issue a warrant based on information communicated by telephone or other reliable electronic means. Fed. R. Crim. P. 41(d)(3). As with chambers warrant proceedings, the warrant application proceeding need not be recorded if the signing judge considered only those facts within an affiant officer's sworn written statement. Such is the case here. Nothing beyond the affiant affidavit was presented to the court for consideration. The warrant is not subject to challenge for lack of a recorded, transcribed, and court-certified transcript. Fed. R. Crim. P. 4.1(c).

Defendant claims evidence found during the search pursuant to the warrant must be suppressed because information within the warrant application was untrue. Under Franks v. Delaware, 438 U.S. 154 (1978), a defendant is not entitled to a hearing on his claim that the affiant officer intentionally or recklessly misstated or excluded material information from a warrant application unless the defendant first shows that the warrant application, corrected to remove allegedly false information and include allegedly concealed facts, would not have supported a finding of probable cause.  Franks, 438 U.S. at 170; United States v. Frazier, 280 F.3d 835, 845 (8th Cir. 2002).

> We apply a two-part test to allegations of omissions of fact in violation of Franks, requiring the defendant to show that the affiant omitted facts with the intent to make, or in reckless disregard of whether the omissions made, the affidavit misleading, and that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause.

United States v. LaMorie, 100 F.3d 547, 555 (8th Cir. 1996). Stated another way, in order to qualify for a Franks hearing, the defendant must meet two criteria. First, the defendant bears the burden of establishing by a preponderance of the evidence that the affiant knowingly and intentionally, or with reckless disregard for the truth, omitted facts from, or included false statements in, the affidavit. United States v. Williams, 981 F.2d 1003, 1005 (8th Cir. 1992). Second, the defendant must show that either the alleged omissions were necessary to a finding of probable cause or that if the false statements are "set aside[,] the affidavit's remaining content is insufficient for a finding of probable cause." Williams, 981 F.2d at 1003; LaMorie, 100 F.3d at 555. If the defendant is not able to satisfy both of these requirements, he is not entitled to a Franks hearing. United States v. Stropes, 387 F.3d 766, 771 (8th Cir. 2004). "The type of

showing required [for a Franks hearing] is not easily met." United States v. Gabrio, 295 F.3d 880, 883 (8th Cir. 2002).

Defendant's motion fails to meet the threshold showing required under Franks. His motion to suppress for alleged false statements within the warrant application should be denied.

### Motion to Strike Untimely Disclosed Evidence

Defendant claims the government has disclosed Rule 16 evidence beyond the deadline set by the court, and he moves to strike or exclude that evidence. The duty to disclose under Rule 16 is ongoing; that is, the Rule contemplates initial disclosures with additional evidence promptly disclosed thereafter as it becomes available. Fed. R. Crim. P. 16(c). As such, evidence disclosed after the initial disclosure deadline is not subject to being stricken solely because it was not disclosed at the outset of the case.

Moreover, evidence will not be stricken as untimely disclosed absent a showing of prejudice. United States v. Altman, 507 F.3d 678, 680 (8th Cir. 2007). In this case, Defendant's trial is scheduled to begin on March 26, 2018, and pretrial motions and briefs are not due until February 28, 2018. Defendant remains able to prepare and respond to evidence the government disclosed after the initial disclosure deadline. Such evidence will not be stricken as untimely disclosed.

### Motion to Dismiss:
### Failure to Allege a Criminal Offense

Defendant claims the indictment fails to state an offense against him. The indictment charges:

6

On or about the 11th day of January, 2017, in the District of Nebraska, MICHAEL WAYNE PARSONS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: aggravated assault on November 23, 2009, in the Circuit Court of Tipton County, Tennessee,·did knowingly possess in and affecting interstate commerce a firearm and ammunition, that is, a Rock River 5.56 LAR-15 assault rifle, 637 rounds of ammunition (87 rounds of .223 ammunition further identified as Light Armor Piercing ammunition and 550 rounds of .300 Blackout ammunition), said firearm and ammunition having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1).

(Filing No. 1).

"An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal to bar a subsequent prosecution." United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993). An indictment charging an offense under 18 U.S.C. § 922(g)(1) must allege: (1) a previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce. United States v. Garcia-Hernandez, 803 F.3d 994, 996 (8th Cir. 2015).

The indictment against defendant alleges every element of the crime of felon in possession of a firearm. It should not be dismissed for failure to charge a crime.

## Motion to Dismiss:
## Lack of Jurisdiction/Diplomatic Immunity

Defendant claims this court lacks jurisdiction, and Defendant cannot be prosecuted on criminal charges in the United States, because he is an Ambassador of the Tsilhqot'in Nation, Country of Chilcotin, and not a United States citizen. The Vienna convention, as incorporated into the Diplomatic Relations Act of 1978, provides absolute immunity from criminal prosecution for diplomats who are not nationals of the proposed prosecuting state. 22 U.S.C. § 254a, et. seq.But an individual must be accredited by the State Department as a diplomatic official in order to be entitled to full diplomatic immunity. A foreign government cannot unilaterally establish diplomatic immunity; the State Department's assessment of the individual's functions, not assertions of the guest nation, determine that issue. United States v. White, No. 07-00395-01-CR-W-HFS, 2008 WL 4816987 (W.D. Mo. Oct. 31, 2008) (holding a defendant facing criminal charges was not entitled to diplomatic immunity based on his appointment as Ambassador at Large for the Pembina Nation Little Shell Band of North America); United States v. Reed, No. 4:09-CR-076, 2010 WL 99128, at *3–4 (D.N.D. Jan. 5, 2010) (same).

Defendant has not been afforded diplomatic status by the State Department of the United States, and he is not entitled to diplomatic immunity. And while he asserts he is not a United States citizen, Defendant is nonetheless subject to the laws of the United States for criminal conduct performed within this country. Defendant's motion to dismiss for lack of jurisdiction and on the basis of diplomatic immunity should be denied.

<u>Motion to Dismiss:</u>
<u>Violation of the Right to a Speedy Trial</u>

Defendant argues the indictment must be dismissed for violation of his speedy trial rights.

> The Sixth Amendment guarantees: "In all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." U.S. Const. amend. VI. The Sixth Amendment right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Perez–Perez, 337 F.3d 990, 995 (8th Cir.2003).

United States v. Aldaco, 477 F.3d 1008, 1018-19 (8th Cir. 2007). In determining whether a defendant's Constitutional right to a speedy trial has been violated the court considers four factors: 1) the length of delay; 2) the reason for delay; 3) whether the defendant asserted the right to speedy trial; and 4) whether the defendant suffered any prejudice. Barker v. Wingo, 407 U.S. 514, 530 (1972).

In assessing the impact of the length of the delay, the court must first determine whether there has been an "uncommonly long" delay between indictment and trial. United States v. Porchay, 651 F.3d 930, 940 (8th Cir. 2011). This inquiry has two parts. First, "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively' prejudicial' delay." Dogget v. United States, 505 U.S. 647, 651 (1992). Second, "the court must then consider . . . the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Id. at 652.

The threshold for finding a presumptively prejudicial delay is a delay of approximately 12 months from indictment to trial.  See United States v. Titlbach,

9

339 F.3d 692, 699 (8th Cir. 2003). Defendant was indicted on April 19, 2017. (Filing No. 1), less than nine months ago. Moreover, the delay is not beyond the ordinary delay of criminal cases, particularly where a defendant is, at the time of the federal indictment, in the custody of another state. The delay between indictment and trial is insufficient to trigger a Sixth Amendment speedy trial analysis.

Defendant appeared in this district pursuant to a Writ of Habeas Corpus Ad Prosequendum on December 20, 2017. For the purposes of counting time under the Speedy Trial Act, after excluding days while motions and appeals were pending, less than 10 days have run against the speedy trial clock. This case is not subject to dismissal under the Speedy Trial Act.

Accordingly,

IT IS ORDERED:

1)      Defendant's motion to recuse is denied.

2)      Defendant's motion to strike evidence as untimely disclosed.

3)      On or before February 14, 2018, the government shall respond to Defendant's motion to transfer to the North Platte trial docket.

IT HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motions to suppress and motions to dismiss filed by the defendant  be denied in their entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

February 7, 2018.

> BY THE COURT:
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge

11