IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL WAYNE PARSONS,<br><br>　　　　　　　Defendant. | **4:17CR3038**<br><br>**ORDER** |

Defendant has moved to transfer the trial location of this case to North Platte, Nebraska, "where the alleged crime occurred and the witnesses would be located." (Filing No. 50, at CM/ECF p. 4). After receiving the discovery from the government on February 9, 2018,[1] (see Filing Nos. 57 and 60), Defendant was afforded until February 28, 2018 to file any additional evidence or arguments in support of his motion to transfer this case to the North Platte trial docket. The motion is now fully submitted. For the reasons stated below, the motion will be denied.

ANALYSIS

The alleged crime occurred in Arapahoe, Nebraska, and it is being prosecuted in the District of Nebraska. A defendant may move to change the trial location "for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18.

---

[1] The government states it produced all the discovery before February 9, 2018; Defendant states the government did not timely produce the information and Defendant cannot access the files. The court need not decide this issue since all discovery was served (or again served) by the government to Defendant in the presence of the undersigned magistrate judge on February 9, 2018, well in advance of the pretrial motion deadline and trial setting.

The likely witnesses in this case are investigating officers from Grand Island, Nebraska and perhaps Memphis, Tennessee, ([Filing No. 50, at CM/ECF p. 19](#)), and witnesses from Arapahoe, Nebraska. ([Filing No. 50, at CM/ECF pp. 15-17](#)). The Grand Island witnesses are 94 miles from Lincoln and 145 miles from North Platte. As to any witnesses from Tennessee, Lincoln is far more accessible by airline than North Platte, and if the Tennessee witnesses are driving, Lincoln is 225 miles closer. In contrast, witnesses from Arapahoe will need to drive 90 miles to North Platte and 193 miles to Lincoln. So as to the overall convenience of the witnesses, Lincoln and North Platte are essentially equal. But as to the investigating officers who will be present during the entirety of the trial, Lincoln is the more convenient forum.

To the court's knowledge, Defendant has no connection to Nebraska. As such, any friends or family who may attend and support Defendant during the trial will have far better airline access to Lincoln than North Platte.

Finally, as to the prompt administration of justice, federal trials in North Platte are held in the Lincoln County Courthouse. A federal trial may not be the priority during a selected trial week, and this case may need to be continued based on those competing priorities. Even if this trial begins, if it is lengthy or exceeds the projected trial time, it may need to be interrupted to accommodate County hearings. So under the circumstances presented, a Lincoln trial will better serve the interests of assuring a prompt adjudication of this case.

Having considered the facts and arguments advanced by the parties, for the convenience of the defendant and the witnesses, and in the interest of assuring the prompt administration of justice, the court finds that this case should

remain scheduled on the Lincoln trial docket. See U.S. v. Stanko, 528 F.3d 581 (8th Cir. 2008).

Accordingly,

IT IS ORDERED that the portion of Defendant's motion, (Filing No. 50), requesting transfer to the North Platte trial docket is denied.

March 5, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge