IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17CR3038 |
| vs. | MOTION TO CONDUCT INQUIRY REGARDING WAIVER OF RIGHT TO COUNSEL |
| MICHAEL WAYNE PARSONS, | |
| Defendant. | |

Comes now the United States of America, plaintiff herein, and in preparation for the trial currently scheduled to commence on March 26, 2108, moves the Court to conduct an on-the-record inquiry into the defendant's position regarding his representation by counsel. In support, of said motion the United States shows the Court the following:

1. On December 18, 2017, the Court appointed the Federal Public Defender's Office to represent the defendant.

2. On December 20, 2017, the Federal Public Defender's Office was allowed to withdraw from its representation of the defendant, however, the Federal Public Defender's Office was appointed as standby counsel to assist him.

3. On February 9, 2018, the Federal Public Defender's Office was allowed to withdraw as standby counsel. However, the Court found that the defendant was unable to afford to hire counsel and advised him he is eligible for appointed counsel. The defendant would not state whether he wished to have counsel appointed for him. The Court told the defendant he need only submit a written request for appointment of counsel and one would be appointed for him. (Filing 58).

4. At various times during proceedings in this matter the defendant has asserted that he is not waiving any of his rights. He has asserted a desire to be represented but he has said he will not be represented by any attorney who is admitted to any bar. He has not identified any person he wishes to represent him. He has also not submitted a written request to the Court asking that counsel be appointed.

5. The United States respectfully submits the defendant has effectively waived his right to counsel and is electing to proceed *pro se*. Case law, as explained in more detail in the accompanying brief, dictates that a record be created by the Court before a defendant is allowed to represent himself. That record should reflect that the defendant was advised of his right to counsel and, further, that he was advised of the many pitfalls attendant to self-representation so that it can be proven to an appellate court that his waiver of counsel was knowing and voluntary.

Wherefore, the United States moves the Court to conduct a hearing at which time the defendant will be again advised of his right to counsel and, further, be advised by the Court of the dangers of proceeding to trial without counsel.

UNITED STATES OF AMERICA, Plaintiff

JOSEPH P. KELLY
United States Attorney
District of Nebraska

By:    s/ Jan W. Sharp
       JAN W. SHARP (#16934)
       Assistant U.S. States Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE 68102-1506
       Tel: (402) 661-3700
       Fax: (402) 661-3084
       E-mail: jan.sharp@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Nebraska by using the CM/ECF system and then sent notification by U.S. Mail to:

>   Michael Parsons
>   30237-047
>   USP Leavenworth
>   P.O.Box 1000
>   Leavenworth, KS 66048

>   s/Jan W. Sharp
>   JAN W. SHARP (#16934)
>   Assistant United States Attorney