IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:17CR3038 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MOTION TO SUPPRESS SEARCH |
| MICHAEL W. PARSONS, | ) | |
| Defendant. | ) | |

COMES NOW Donald L. Schense, Attorney at Law and as counsel for the Defendant, Michael W. Parsons, and pursuant to FRCrP 12(b)(3) moves this Court for an Order suppressing any and all searches, seizures and any subsequent statements made by Parsons to law enforcement officers on certain dates listed below, or others, along with any evidence derived therefrom. In support of this Motion Parsons states the following:

On, or about, March 20, 2017, a search warrant was executed on a 1964 piper PA-28-140 Airplane with a tail number of N6403W and a serial number of 28-20471. This plane was located at the Arapahoe, Nebraska Airport. The search warrant was a federal search warrant and authorized by this Court. FBI agents and other law enforcement personnel assisted in the execution of the warrant.

The search warrant resulted in the confiscation by law enforcement of an amount of property of an evidentiary nature from the airplane searched. That property

1

included a Rock Ridge 5.56 LAR-15 assault rifle, 637 rounds of ammunition; 87 rounds of .223 ammunition further identified as Light Armor Piercing ammunition and 550 rounds of .300 Blackout ammunition. This property is now held by the United States government for the sole purpose of prosecution of this Defendant.

Defendant has standing to contest the search warrant as such standing relates to the above-described airplane searched as he had an ownership interest in it and carried the insurance on the plane. Also, this aircraft was presumably owned by the Chilcotin National Congress in the country of the Chilcotin and belonged therefore to the Chilcotin Nation. As such, the Defendant had a reasonable expectation of privacy with respect to the airplane searched. Minnesota v. Carter, 525 U.S. 83, 88 (1998); See Also: United States v. Boyster, 436 F.3d 986, 992 (8th Cir. 2006).

The search warrant was based upon an Affidavit and Application for the Issuance of the Search Warrant which relied in part upon information obtained, and received by, unreliable and compromised confidential informants.

The Defendant contends that the Affidavit supplied did not meet judicial standards of probable cause and should not of been given to law enforcement for execution. None of the information contained in the Affidavit indicates that probable cause existed for the issuance of the warrant. The Affiant relied upon hearsay information (Paragraph 8 and 10 of Affidavit). There exists no statement of veracity concerning the "CHS" or his prior dealing with law enforcement. There is nowhere in the Affidavit any mention of his trustworthiness. There is no vouching of the CHS anywhere in the document itself. His motives are thus in question. His honesty and truthfulness are apparently unknown. This issue is compounded by the Affiant then relying on the

CHS to support the statements contained in Paragraphs 10-25.

The issuing court further was asked to rely upon possibly false information in the Affidavit (Paragraph 9) because it is believed by the Defendant that the Sheriff of Furnas County, Nebraska had in fact conducted an earlier inventory search of the interior of the airplane and no evidence of any significance was discovered, and in fact the Sheriff may at one time secured a state court search warrant through the local courts. This is additionally troubling as law enforcement (FBI) sought this federal search warrant well over 2 months after the Defendant had been arrested and the plane had been left to sit at the Arapahoe Airport much of the time unattended. Access to the airplane was really unrestricted. A *Franks* hearing may in fact be warranted if recklessness is shown. Franks v. Delaware, 438 U.S. 154, 155-56 (1978); United States v. Ozar, 50 F.3d 1440, 1445 (8th Cir. 1995).

It is with this tainted evidence that the Affiant concludes by suggesting to this Court that probable cause exists for the issuance of the search warrant. No probable cause existed for the issuance of the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983); See: United States v. Morrison, 594 F.3d 626, 631-33 (8th Cir. 2010).

The issuance of the aforementioned search warrant violates the Defendant's rights under the Fourth Amendment to the United States Constitution.

Any statement by the Defendant during the above encounter with law enforcement, or at any time, were therefore obtained in violation of his rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution; and should be construed as "fruits of the poisonous tree" as should all the resultant evidence taken during the course of the search warrant

Any statements were made as a result of an illegal arrest or unlawful detention;

Any statements were obtained while he was in custody and were the product of coercion and duress;

Under the totality of the circumstances the Defendant did not freely, voluntarily, and intelligently waive his rights not to make statements; and

Under the totality of the circumstances the Defendant was not capable of adequately understanding his rights and thus was unable to subsequently waive those rights.

WHEREFORE, for the aforementioned reasons, Parsons requests an evidentiary hearing and, after the hearing, an Order suppressing any searches, seizures, evidence and statements Parsons made to law enforcement officers on the above referenced date and any evidence derived therefrom as violating his rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution.

The Defendant requests an evidentiary hearing and oral argument on this Motion.

MICHAEL W. PARSONS, Defendant.

BY: /S/ DONALD L. SCHENSE
Donald L. Schense #16928
Law Office of Donald L. Schense
1304 Galvin Road South
Bellevue, NE 68005
(402) 291-8778

Attorney for the Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was E-FILED and electronically mailed to:

Jan Sharp
AUSA
1620 Dodge Street, Suite 1400
Omaha, NE 68102
this 23rd day of May, 2018

/S/ Donald L. Schense