IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | 4:17CR3038 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | BRIEF IN SUPPORT OF |
| | ) | MOTION TO SUPPRESS SEARCH |
| | ) | |
| MICHAEL W. PARSONS, | ) | |
| Defendant. | ) | |

COMES NOW Donald L. Schense, Attorney at Law and as counsel for the Defendant, Michael W. Parsons, offers this brief in support of and pursuant to FRCrP 12(b)(3) and moves this Court for an Order suppressing any and all searches, seizures and any subsequent statements made by Parsons to law enforcement officers on certain dates listed below, or others, along with any evidence derived therefrom.

## FACTS

On, or about, March 20, 2017, a search warrant was executed on a 1964 piper PA-28-140 Airplane with a tail number of N6403W and a serial number of 28-20471. This plane was located at the Arapahoe, Nebraska Airport. The search warrant was a federal search warrant and authorized by this Court. FBI agents and other law enforcement personnel assisted in the execution of the warrant.

The search warrant resulted in the confiscation by law enforcement of an amount of property of an evidentiary nature from the airplane searched. That property

included a Rock Ridge 5.56 LAR-15 assault rifle, 637 rounds of ammunition; 87 rounds of .223 ammunition further identified as Light Armor Piercing ammunition and 550 rounds of .300 Blackout ammunition. This property is now held by the United States government for the sole purpose of prosecution of this Defendant.

**ARGUMENT**

As stated in the Motion to Suppress the Defendant has standing to contest the search warrant as such standing relates to the above-described airplane searched as he had an ownership interest in it and carried the insurance on the plane. Also, this aircraft was presumably owned by the Chilcotin National Congress in the country of the Chilcotin and belonged therefore to the Chilcotin Nation. As such, the Defendant had a reasonable expectation of privacy with respect to the airplane searched. <u>Minnesota v. Carter</u>, 525 U.S. 83, 88 (1998); See Also: <u>United States v. Boyster</u>, 436 F.3d 986, 992 (8th Cir. 2006).

The search warrant was based upon an Affidavit and Application for the Issuance of the Search Warrant which relied in part upon information obtained, and received by, unreliable and compromised confidential informants.

The Fourth Amendment requires that "no warrant shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the places to be searched and the person or things to be seized." U.S. Constitution amend. IV. The Court in <u>United States v. Gladney</u>, 48 F. 3d 309, 312 (8th Cir. 1995), stated that probable cause exists when "there are sufficient facts to justify the belief by a prudent person that contraband or evidence of a crime will be found in the place to be searched." Probable cause is determined under the "totality of the circumstances" test.

Illinois v. Gates, 462 U.S. 213 (1983); 2 Wayne R. LaFave, Search and Seizure 3.7(d) at 412 (4th ed. 2004). Where the search warrant is based upon an affidavit, only information within the four corners of the affidavit may be considered in determining the issue of probable cause. Gladney, 48 F. 3d at 312. Thus, the Court must determine whether the facts stated within the affidavit in support of the search warrant in this case support the conclusion that there was probable cause to believe that evidence of a crime would be found at the places to be searched.

  The Defendant contends that the Affidavit supplied did not meet judicial standards of probable cause and should not of been given to law enforcement for execution. None of the information contained in the Affidavit indicates that probable cause existed for the issuance of the warrant. The Affiant relied upon hearsay information (Paragraph 8 and 10 of Affidavit). There exists no statement of veracity concerning the "CHS" or his prior dealing with law enforcement. There is nowhere in the Affidavit any mention of his trustworthiness. There is no vouching of the CHS anywhere in the document itself. His motives are thus in question. His honesty and truthfulness are apparently unknown. This issue is compounded by the Affiant then relying on the CHS to support the statements contained in Paragraphs 10-25 of the Affidavit.

  The issuing court further was asked to rely upon possibly false information in the Affidavit (Paragraph 9) because it is believed by the Defendant that the Sheriff of Furnas County, Nebraska had in fact conducted an earlier inventory search of the interior of the airplane and no evidence of any significance was discovered, and in fact the Sheriff may at one time secured a state court search warrant through the local courts. This is additionally troubling as law enforcement (FBI) sought this federal search

warrant well over 2 months after the Defendant had been arrested and the plane had been left to sit at the Arapahoe Airport much of the time unattended. Access to the airplane was in fact unrestricted. A *Franks* hearing may be warranted if recklessness is shown. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Recklessness may be inferred from the fact of omission of information from an affidavit ...only when the material omitted would have been "clearly critical" to the finding of probable cause. United States v. Ozar, 50 F.3d 1440, 1445 (8th Cir. 1995). The Defendant understands that a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause.

It is with this tainted evidence that the Affiant concludes by suggesting to this Court that probable cause exists for the issuance of the search warrant. No probable cause existed for the issuance of the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983); See: United States v. Morrison, 594 F.3d 626, 631-33 (8th Cir. 2010).

The information supplied to the issuing magistrate for this warrant does not clearly establish probable cause that Parsons was involved in criminal activity. It is additionally submitted to this Court that the "Good Faith Exception" under United States v. Leon, 468 U.S. 897 (1984), would not allow the admissibility of the evidence derived from the warrant executed on the airplane. *Leon* only allows such evidence to be admissible if the officers enforcing the warrant relied in good faith on its validity. The particular facts and circumstances of this will be discovered during the testimony of the agents at the pre-trial hearing on this matter. See: United States v. LaMorie, 100 F. 3d

547, 555 (8th Cir. 1996). There are four exceptions to this good faith rule: (1) where the issuing judicial officer was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing officer "wholly abandoned his judicial role;" (3) where the affidavit supporting the warrant contained so few indicia of probable cause "as to render official belief in its existence entirely unreasonable;" and (4) where the warrant itself is so facially deficient that no executing officer could reasonably presume it to be valid.

The Defendant contends that any, and all, statements that were given by the Defendant to law enforcement were the fruits of this illegal search and seizure of the evidence taken from the interior of the plane. As such, all statements at issue must also be suppressed as "fruits of the poisonous tree." Wong Sun v. United States, 371 U.S. 471 (1963); United States v. Campbell, 843 F. 2d 1089 (8th Cir. 1988). Therefore, all evidence obtained pursuant to the search warrant must be suppressed.

Parsons submits that if this Court is to find that the search and seizure of the evidence taken from the interior of the airplane violated the Defendant's Fourth Amendment rights, then an additional analysis must also take place in light of any statements he made. For statements made to police after an unlawful arrest to be admissible the statement must not only be voluntary under Fifth Amendment standards but must not be the result of an unconstitutional seizure. Brown v. Illinois, 422 U.S. 590, 602, (1975). United States v. Reinholz, 245 F. 3d 765 (8th Cir. 2001), noted four factors to determine whether statements made to the police after an illegal arrest are admissible; (1) whether the suspect has been advised of his *Miranda* rights prior to giving his statement; (2) the temporal proximity of his statements to his illegal seizure; (3) the

existence of intervening causes between the illegal arrest and the statements; and, (4) the purpose of flagrancy of the official misconduct. Facts in support of this argument will be established at the hearing on this matter.

The issuance of the aforementioned search warrant violates the Defendant's rights under the Fourth Amendment to the United States Constitution.

Any statement by the Defendant during the above encounter with law enforcement, or at any time, were therefore obtained in violation of his rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution; and should be construed as "fruits of the poisonous tree" as should all the resultant evidence taken during the course of the search warrant

Any statements were made as a result of an illegal arrest or unlawful detention;

Any statements were obtained while he was in custody and were the product of coercion and duress;

Under the totality of the circumstances the Defendant did not freely, voluntarily, and intelligently waive his rights not to make statements; and

Under the totality of the circumstances the Defendant was not capable of adequately understanding his rights and thus was unable to subsequently waive those rights.

WHEREFORE, for the aforementioned reasons, Parsons requests an evidentiary hearing and, after the hearing, an Order suppressing any searches, seizures, evidence and statements Parsons made to law enforcement officers on the above referenced date and any evidence derived therefrom as violating his rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution.

MICHAEL W. PARSONS, Defendant.

BY: /S/ DONALD L. SCHENSE
Donald L. Schense #16928
Law Office of Donald L. Schense
1304 Galvin Road South
Bellevue, NE 68005
(402) 291-8778
Attorney for the Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was E-FILED and electronically mailed to:

Jan Sharp
AUSA
1620 Dodge Street, Suite 1400
Omaha, NE 68102
this 23rd day of May, 2018

/S/ Donald L. Schense