IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2018 AUG 28 PM 5:06
OFFICE OF THE CLERK

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Michael Wayne Parsons,<br><br>  Defendant. | 4:17-CR-3038 |

# PRELIMINARY JURY INSTRUCTIONS

# Preliminary Jury Instructions

## *Introduction*

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all those instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

## *Serving as a Juror on this Criminal Case*

This is a criminal case, brought by the United States government against the defendant, Michael Wayne Parsons.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crime charged and not for anything else.

## *Elements of the Offense*

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime charged, which the government must prove beyond a reasonable doubt to make its case. This will help you to understand the importance of the evidence as it is presented to you. You should understand, however, that what I will give you is only a preliminary outline. At the end of the trial I will give you final instructions on these matters, and sometimes, during the trial, things can change. If there is any difference between what I tell you now, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

The government claims that the defendant committed the crime of being a felon in possession of a firearm or ammunition. This will require the government to prove, beyond a reasonable doubt, that the defendant had previously been convicted of a crime punishable by imprisonment for more than one year, that he knowingly possessed a firearm or ammunition, and that at some point, either before or during the defendant's possession of the firearm or ammunition, it was transported across a state line.

You should understand that the government's charge is simply an accusation. The charge is not evidence of anything. The defendant has pleaded not guilty to this charge, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt to the unanimous satisfaction of all the members of the jury.

*Trial Procedures*

I will now briefly explain some of the things you can expect to happen at trial. The first step will be the opening statement by each side's attorney. These statements are simply meant to help you understand what each side believes the evidence presented during the trial will show.

Then, the government will present the evidence that it says proves the charge against the defendant beyond a reasonable doubt. That evidence may include the testimony of witnesses and exhibits. After the government concludes, the defendant may present evidence, but is not required to do so. Remember, the defendant is presumed to be innocent, and does not have to prove his innocence. He may choose not to testify. If he chooses not to testify, you must not hold it against him in any way.

During the course of the trial I may have to interrupt the proceedings to talk to the parties about some point of law. I may excuse you from the courtroom to take a break while we keep working. I will try to avoid such interruptions so we can keep things moving, but please be patient even if trial seems to be moving slowly, because conferences often save time for all of us.

After the evidence has all been presented, each side will be given time to make their final arguments. Finally, as I mentioned before, you will be given your final instructions and will leave the courtroom to deliberate together.

Some of you may have participated in court proceedings before, and each of you has almost certainly seen courtroom proceedings depicted by television or films. But different courtrooms have different rules, and screenwriters often

take dramatic license with the law. So, you should not be surprised if what you see here is different—perhaps very different—from what you might have been led to expect.

### *What Is and Is Not Evidence*

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts that have been judicially noticed—that is, facts which I tell you that you may accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Objections are not evidence. The parties have a right to object when they believe something is improper under court rules. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence.

5. Exhibits that are identified by a party but not received in evidence are not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

### *What Testimony to Believe*

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it. In deciding what testimony to believe, you should consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, the extent to which the testimony is consistent with any evidence that you believe, and any other factors that you find bear on believability or credibility.

### *No Sympathy or Prejudice*

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

### *No Transcript Available But Note-Taking Allowed*

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is not feasible to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by the witness. When you leave at night, your notes will be secured and not read by anyone.

### *Jurors Not Allowed to Question Witnesses*

I do not permit jurors to ask questions of witnesses. Moreover, I do not allow jurors to give me questions to present to the witness. In other words, you will not be allowed to question witnesses directly or indirectly.

## *Conduct of the Jury*

It is very important that you strictly obey the following rules during all recesses and throughout the trial:

First, do not make up your mind during the trial about what the verdict should be. Of course, you may think about the case as it progresses—but you should keep an open mind until you have heard all the evidence and arguments, and gone to the jury room to discuss the evidence with your fellow jurors and decide the case.

Second, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict. Again, it is important to wait until all of the evidence and argument have been presented to you. And it is important that your thoughts about the case remain secret until you discuss them with your fellow jurors.

Third, do not talk or communicate with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors. In particular, do not blog or tweet, or post anything on Facebook, YouTube, or any other social network, about this case until this trial has ended and you have been discharged as jurors. This is because, as I mentioned before, your thoughts about the case should remain private until you deliberate with the other jurors, and it is important that your deliberations remain private until the trial is over. To be clear: you may tell others that you are serving on a jury, and let them know where you are, and when—but you may not tell them anything about what has happened inside the courtroom or the jury room until the case is over.

Fourth, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it. It is possible that anyone trying to talk to you about the case could be trying to improperly affect the trial. So, if someone should try to talk to you about the case please report it to me.

Fifth, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—even to pass the time of day. Any communication between yourselves and the parties, lawyers, or witnesses could easily be misunderstood.

Sixth, if there is news coverage of this case, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. All the evidence you will see and hear will have been carefully evaluated before it is presented to you. News reports do not follow the same rules, and it is very important that your decision be based solely on the evidence presented to you in court. I assure you that when you have heard all of the evidence, you will know more about this case than anyone will learn through the news media, and it will be more accurate.

Seventh, do not do any research or make any investigation about the case on your own or on a computer. Do not conduct research on the Internet about this case or about anyone involved with it. You should not Google the names of any of the witnesses, you should not text, tweet, or talk about being on the jury on Facebook or any other social media outlet. Do not consult any books such as dictionaries or similar references about this case or about anyone involved with it. As I said before, it is extremely important that your decision be based on the evidence that is presented in court.

Eighth, if you need to communicate with me do so only in writing by giving the courtroom deputy a note which is signed by you and dated. Please do not ask the courtroom deputy questions about the law or the evidence. The courtroom deputy is not allowed to answer such questions. If you have a problem that you would like to bring to my attention, or you feel ill or need to go to the restroom, please send a note to the courtroom deputy, who will give it to me. I want you to be comfortable, so please do not hesitate to tell us about any problem.

Dated: August 28, 2018

John M. Gerrard
United States District Judge