IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Michael Wayne Parsons,<br><br>　　　　　Defendant. | 4:17-CR-3038<br><br>FINAL JURY INSTRUCTIONS |

## **INSTRUCTION #1: INTRODUCTION**

Ladies and gentlemen of the jury, the evidence has been fully submitted to you. It is now my job to instruct you on the law to apply to this case. In a few minutes, the lawyers will present closing arguments on behalf of their respective clients and afterward, it will then be your duty to begin fully deliberating this case in the jury room.

The instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.

## **INSTRUCTION #2: DUTY OF JURY**

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

Please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crime charged and not for anything else.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I have said or done during the trial as indicating what I think of the evidence or what I think your verdict should be.

## **INSTRUCTION #3: EVIDENCE**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions, and comments by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper under court rules. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence.

5. Exhibits that are identified by a party but not received in evidence are not evidence.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

- 5 -

## INSTRUCTION #4: EXHIBITS

Exhibits have been admitted into evidence and are to be considered along with all the other evidence to assist you in reaching a verdict. You are not to tamper with the exhibits or their contents and each exhibit should be returned into open court, along with your verdict, in the same condition as it was when received by you.

## INSTRUCTION #5: CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you should consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, the extent to which the testimony is consistent with any evidence that you believe, and any other factors that you find bear on believability or credibility.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of any law enforcement officers in the same manner as you would judge the testimony of any other witness. You have also heard evidence that one of the witnesses was admitted to a pretrial diversion program for a criminal charge brought against him. Whether or not his testimony may have been influenced by the potential benefit of successfully completing pretrial diversion is for you to decide.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special knowledge, skill, training, education, or experience in some field is allowed to state an opinion on matters in that field, and state the reasons for their opinion. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean you are required to accept it. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

## INSTRUCTION #6: STATEMENTS BY DEFENDANT

You have heard testimony about statements that, according to the witnesses, were made by the defendant. It is for you to decide whether the defendant made the statements, and if so, how much weight you should give to them. In making these two decisions you should consider all of the evidence, including the circumstances under which the statements may have been made.

## INSTRUCTION #7: DESCRIPTION OF THE CHARGE; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF

The defendant is charged in this case with committing the crime of being a felon in possession of a firearm or ammunition. The defendant has denied committing that crime.

An indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the defendant, even though charged, began the trial with no evidence against him. So the presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proves, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial.

## **INSTRUCTION #8: POSSESSION OF A FIREARM OR AMMUNITION BY A FELON**

It is a crime for a felon to possess a firearm or ammunition, as charged in the indictment. This crime has three elements:

1. The defendant had been convicted of a crime punishable by imprisonment for more than one year;

2. After that, the defendant knowingly possessed a firearm or ammunition—specifically, a Rock River Arms 5.56 LAR-15 rifle or rounds of ammunition; and

3. The firearm or ammunition was transported across a state line at some time during or before the defendant's possession of it.

If all of these elements have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty.

You are instructed that aggravated assault is a crime punishable by imprisonment for more than one year under the laws of the State of Tennessee.

The government must prove that the defendant knew he possessed a firearm or ammunition; it is not necessary for the government to prove that the defendant knew it was illegal for him to do so.

The term "firearm" means any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive. A weapon does not need to be operable to constitute a "firearm" so long as it otherwise meets the definition set forth in the previous sentence.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than Nebraska and that the defendant possessed that firearm in the State of Nebraska, then you may, but are not required to, find that it was transported across a state line.

- 9 -

- 10 -

## **INSTRUCTION #9: PROOF OF INTENT OR KNOWLEDGE**

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

# INSTRUCTION #10: POSSESSION: ACTUAL, CONSTRUCTIVE, SOLE, JOINT

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

- 12 -

## **INSTRUCTION #11: REASONABLE DOUBT**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## **INSTRUCTION #12: VENUE**

The government must prove by the greater weight of the evidence that the offense charged was committed in the District of Nebraska. The District of Nebraska is the same as the State of Nebraska.

An offense is committed in the District of Nebraska when it is begun, continued or completed in the District of Nebraska.

To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. This is a lesser standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

## **INSTRUCTION #13: THEORY OF DEFENSE**

You are instructed that whether the defendant is an "ambassador" or has diplomatic immunity is a question for the Court, and it is a question I have already answered. Specifically, I have found that the defendant is not an ambassador and does not have diplomatic immunity. So, you may not consider the defendant's claim of diplomatic immunity.

You are also instructed that whether the Court has jurisdiction to hear this case is my decision, and I have determined that this Court's jurisdiction is proper.

You are further instructed that there is no international court or "universal supreme court" with authority to overrule or vacate the judgment of a court of the State of Tennessee, or exonerate the defendant in any way.

## **INSTRUCTION #14: ELECTION OF FOREPERSON AND RULES FOR DELIBERATION**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the defendant is found guilty on any count, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Sixth, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

This being a criminal case, you will not be allowed to separate until your deliberations have been completed, except for meals and night's rest. If you do not agree upon a verdict by 5:00 p.m. on any given day, you may separate and return for deliberation at 8:45 a.m. on the next business day. If you desire to deliberate after 5:00 p.m., you may do so but please notify the courtroom deputy if that is your intention.

Please be admonished that if you separate at any time during your deliberations, you are, during such separation, not to talk to anyone about this case or to talk among yourselves about this case. All your deliberations should be conducted as a group in the confines of the jury room. Please also remember and follow all of the other admonitions I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations which may occur after you commence deliberations.

Finally, I will tell you that Juror #29 is an alternate juror. The law requires that I excuse Juror #29 prior to deliberations but not before the lawyers have argued their case and I have given the jury my instructions. The lawyers have now argued the case and I have instructed the jury; Juror #29 must now be excused and the remaining 12 jurors will deliberate. Thank you very much for your service; I would like to personally meet with you and thank you for your service after the jurors have gone into the jury room.

Dated this 30th day of August, 2018.

Submitted at **3:33** o'clock **p**.m.

BY THE COURT:

_____
John M. Gerrard
United States District Judge

- 16 -