IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| United States of America, | |
|---|---|
| Plaintiff, | 4:17-CR-3038 |
| vs. | ORDER |
| Michael Wayne Parsons, | |
| Defendant. | |

The defendant has requested that certain evidence be returned to him, and that he be provided with audio and video recordings from the courtroom. Filing 158. Those requests will be denied.

First, the defendant asks the Court to return two items to him that, by their description, were entered into evidence as Defendant's Exhibits 101 and 107. But the Court's rules require them to be retained by the clerk until judgment is entered. NECrimR 55.1(a), (e)(1), and (g)(1). And judgment in this case will not be entered until after sentencing. At that point, the defendant's counsel may withdraw the exhibits—but, he is required to retain the exhibits for at least 30 days after the disposition of any appellate proceedings and the expiration of the time for postconviction relief. NECrimR 55.1(g)(1)(B).

Next, the defendant asks the Court for "Audio of the August 28th-30th trial." No such audio exists: the trial was not recorded because a court reporter was present. A transcript may be prepared by the court reporter, and the defendant's counsel may be reimbursed for the cost of preparing such a transcript under the Criminal Justice Act, if the expense was reasonably incurred. *See* 18 U.S.C. § 3006A(d)(1). But such a request should be made by

the defendant's counsel, so the defendant is directed to contact his counsel in that regard. *See* NEGenR 1.3(i).

Finally, the defendant asks for a copy of the "in court video" of an alleged assault. No such in-court video exists, because the Court's proceedings are not video recorded.

IT IS ORDERED that the defendant's motion (filing 158) is denied.

Dated this 1st day of October, 2018.

BY THE COURT:

*(signature)*
John M. Gerrard
United States District Judge