IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>MICHAEL WAYNE PARSONS,<br><br>           Defendant. | 4:17CR3038<br><br>GOVERNMENT'S WRITTEN STATEMENT OF POSITION RESPECTING UNRESOLVED OBJECTIONS TO THE REVISED PRESENTENCE REPORT |

Comes now the United States of America, plaintiff herein, and pursuant to the Court's Order dated August 30, 2018, (Order on Sentencing Schedule, Filing No. 157), provides the following Written Statement of Position Respecting Unresolved Objections to the Revised Presentence Report.

1. The government has no objections to the Revised Presentence Investigation Report.

2. The defendant's objections to paragraphs 24 and 33 through 37 should be overruled. The information set forth in the paragraphs has not been offered for the purpose of enhancing the defendant's sentence. References to the alleged kidnapping plot are found throughout the record in this case. The objected-to paragraphs make it clear that the government has no evidence linking the defendant to the plot and, in fact, does not believe he was even aware of it. Rather than being "unfair" to include the information, the United States respectfully submits it would be unfair to not include the information.

3. The defendant's objections to paragraphs 26 and 40 should be overruled. The defendant did not receive an enhancement for obstructing justice simply because he exercised his constitutional right to testify. Rather, he obstructed justice by testifying, under oath, to demonstrably false facts. He denied knowing about the presence of an LAR 15 rifle and ammunition and he denied being a convicted felon. Both of those facts are essential

elements of the offense charged and were central to the jury's decision.

4. The defendant's objection to paragraph 43[1], [*sic*], should be overruled. The evidence at trial established the defendant was heading to Canada when he was apprehended in Furnas County, Nebraska. In addition, the government intends to introduce a three minute excerpt of a "jail call", not previously introduced into evidence, which will incontrovertibly establish the defendant was in the process of leaving the United States.

5. The defendant's objection to paragraph 47 should be overruled as he testified falsely to material facts central to the jury's decision.

6. The defendant's objection to paragraph 56 should be overruled. The United States is in the process of securing a certified copy of the conviction referenced in paragraph 56. The certified court record will be introduced into evidence along with a companion request to have the court take judicial notice of certain Tennessee statutes.

7. The defendant's objection to paragraph 95 should be overruled. The United States respectfully submits the United States Probation Office has correctly calculated the defendant's criminal history and sentencing range.

## REQUEST TO PRESENT EVIDENCE AND ORAL TESTIMONY

The United States respectfully requests it be allowed to present evidence and oral testimony at the defendant's sentencing hearing in response to his objections to paragraphs 43, (actually 44), and 56 of the Revised Presentence Investigation Report. The nature of the evidence is as follows:

---

[1] The defendant has objected to paragraph 43, however, the government believes he intended to object to paragraph 44 which proposes a four level enhancement for possessing a firearm while attempting to leave the United States.

- The government intends to offer a certified copy of the conviction referenced in paragraph 56 of the Revised Presentence Investigation Report and may request the Court take judicial notice of certain Tennessee statutes if there is a claim the offense is not a felony;

- In response to the defendant's objection to paragraph 43, (again, the government believes the defendant intended to object to paragraph 44), the United States intends to introduce oral testimony and a three minute excerpt of a jail call made by the defendant while an inmate at Phelps County Corrections. In the call the defendant can be heard saying he had bought a cell phone that had international calling on it because his current phone "doesn't work up there." It will further disclose him telling his wife that had he left the Arapahoe Airport "an hour earlier I'd been in the Tsilhqot'in nation right now.";

- The United States believes oral testimony is necessary as it is likely the defendant will object to any attempt to introduce the evidence through a stipulation;

- The proposed witness is SA Monte Czaplewski of the FBI; and

- Direct examination of SA Czaplewski should take approximately ten minutes.

    Respectfully Submitted

    UNITED STATES OF AMERICA, Plaintiff

    JOSEPH P. KELLY, United States Attorney
    District of Nebraska

By:   *s/ Jan W. Sharp*
    JAN W. SHARP (#16934)
    Assistant U.S. Attorney
    1620 Dodge Street, Suite 1400
    Omaha, NE 68102-1506
    Tel: (402) 661-3700
    E-mail: jan.sharp@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

    Laura L. Baumann
    U.S. Probation

*s/ Jan W. Sharp*
Assistant U.S. Attorney
