IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>MICHAEL WAYNE PARSONS,<br><br>     Defendant. | 4:17CR3038<br><br>GOVERNMENT'S BRIEF IN SUPPORT<br>OF WRITTEN STATEMENT<br>OF POSITION RESPECTING<br>UNRESOLVED OBJECTIONS TO THE<br>REVISED PRESENTENCE REPORT |

**FACTS**

The defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) following a jury trial. The United States Probation Office has prepared a Revised Presentence Investigation Report. The United States has filed a Written Statement of Position Respecting Unresolved Objections to the Presentence Report in which the government has stated it has no objections to the report.

The defendant has filed multiple objections to the report. The United States has requested leave of the court to present evidence at sentencing in the form of certified court records, brief testimony from SA Monte Czaplewski of the FBI and a three minute excerpt of a jail call placed by the defendant. This brief will address the defendant's objections in the order presented.

**ARGUMENT**

**Defendant's objections to paragraphs 24, 33-37 (The government's version of the offense)**

The defendant has objected to the government's version of the offense and the probation officer's recitation of the facts of the investigation as reflected in the discovery insofar as the paragraphs reference an alleged kidnapping plot put together by one of the defendant's

supporters in Canada. The United States respectfully submits the defendant is misinterpreting the purpose for inclusion of the information. The inclusion of the information clarifies the record and does not prejudice his position at sentencing.

The record in this case has multiple references to an alleged kidnapping plot that would have potentially involved the abduction of the Furnas County Sheriff and a Tennessee Circuit Court Judge. While the parties went to extensive lengths to avoid telling the jury about the plot, there were still discussions outside the presence of the jury, (at sidebar or in the courtroom while the jury was not present), that referenced it. The United States anticipates the defendant will appeal his conviction to the Eighth Circuit of Appeals. Inclusion of the information about the plot will clarify the cryptic remarks about the matter that appear in the record, (e.g. testimony that agents were investigating "other unrelated matters"), and, most importantly, make it clear to the appellate court that the United States possesses no evidence that the defendant was part of, or even aware of, any such plot.

Where facts are offered to support an enhancement to an appropriately calculated guidelines range, the burden is on the government to prove those facts. United States v. Walker, 900 F.3d 995, 998 (8th Cir. 2018). The facts must be proven by a preponderance of the evidence. United States v. Zeaiter, 891 F.3d 1114, 1122 (8th Cir. 2018).

The references to the alleged kidnapping plot do not purport to support any enhancement to the defendant's guideline calculations. To the contrary, the information contained in the PSR makes it clear the government has no evidence to suggest the defendant was aware of the plot. Rule 32 of the Federal Rules of Criminal Procedure sets forth the procedure to be followed when a defendant objects to information in the presentence report. The rule provides that, at sentencing, the court "must—for any disputed portion of the presentence report or other

controverted matter—rule on the dispute *or determine that a ruling is unnecessary because the matter will not affect sentencing*, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B), (emphasis supplied).

The United States respectfully submits the information should remain in the PSR as it adds clarity to the appellate record and it does not affect sentencing. On the other hand, should the Court conclude that the information would affect sentencing then the defendant's objections are well-founded and the information should be disregarded by the Court in determining an appropriate sentence for the defendant.

**Defendant's objections to paragraphs 26, 40 (Obstruction of Justice)**

Paragraph 26, the last paragraph of the government's version of the offense, describes the defendant's stance at trial, (i.e., that he was an ambassador and not subject to the Court's jurisdiction), and his denials, under oath, of certain material facts, (i.e., that he was a convicted felon and that he knowingly possessed a firearm). (PSR, paragraph 26). The probation officer assessed the defendant's denials to constitute perjury and opined that the defendant's conduct constituted obstruction of justice as defined by U.S.S.G. § 3C1.1.

The description of the defendant's actions and testimony is incontrovertible. He did claim to be an ambassador. He did claim he was not subject to the jurisdiction of the Court. He did claim he was not a convicted felon. He did claim he was not aware there was a firearm on the airplane. His status as a felon and his knowledge of the presence of the weapon and ammunition were essential elements of the offense. The guilty verdict demonstrates, beyond a reasonable doubt, that the jury concluded the defendant was lying when he testified to those material facts.

3

The defendant argues he should not be "penalized" for exercising his constitutional right to testify just because the jury rejected his testimony. However, the defendant is not being penalized for exercising his constitutional rights. Rather, he is being penalized for taking an oath to tell the truth and then lying under oath about material matters. That, as the saying goes, is a horse of a different color.

A defendant is subject to a two level enhancement if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. The commentary to U.S.S.G. § 3C1.1 provides several examples of obstructive conduct to include "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, *comment.*, 4(B).

"The right to testify on one's own behalf in a criminal proceeding is made explicit by federal statute, 18 U.S.C. § 3481, and, we have said, it also a right implicit in the Constitution." United States v. Dunnigan, 507 U.S. 87, 96 (1993). However, "a defendant's right to testify does not include a right to commit perjury." Id. Enhancing a defendant's sentence because he committed perjury at trial "furthers legitimate sentencing goals relating to the principal crime, including the goals of retribution and incapacitation." Id. at 97. Trial testimony that is necessarily contradicted by a jury's verdict can support an enhancement for obstruction of justice. United States v. Villarman-Oviedo, 325 F.3d 1, 16 (1st Cir. 2003). "The increase applies when the district court finds by a preponderance of the evidence that a defendant willfully testified falsely under oath and the false testimony related to a material matter." United States v. McDonald, 826 F.3d 1066, 1071 (8th Cir. 2016). "While it is preferable for the district court to address each element of perjury in a separate and clear finding, a district court's finding regarding perjury is sufficient so long as all of the factual predicates are encompassed." Id.

4

The United States will be asking the Court to make findings by a preponderance of the evidence that the defendant (a) willfully testified falsely under oath; and (b) the false testimony related to a material matter. The defendant's testimony is in the record and it was clearly under oath. Its falsity is demonstrated by the facts introduced at trial, (e.g., the gun was found in his plane, his cryptic remarks during jail calls, the testimony of the man who directly sold the firearm to the defendant, the certified copy of his prior conviction for aggravated assault), and by the jury's verdict. Materiality is beyond question. The two matters he lied about, (i.e., his status as a convicted felon and his knowledge of the presence of the firearm), are two essential elements of the offense. Nothing can be more material than that. The defendant's objection should be overruled.

**Defendant's objections to paragraph 43 (Possession of a firearm while leaving, or attempting to leave, the United States)**

As noted in the government's written statement, it is believed the defendant is actually objecting to paragraph 44 as it is paragraph 44 which proposes a four level enhancement. The defendant argues the evidence introduced at trial was insufficient to warrant or sustain the enhancement.

U.S.S.G. 2K2.1(b)(6)(A) provides for a four level enhancement if the defendant "possessed any firearm or ammunition while leaving or attempting to leave the United States." The enhancement, like any enhancement, must be proven by the government by a preponderance of the evidence. Zeaiter, 891 F.3d at 1122. It does not matter that the enhancement is not based on evidence presented at trial or established by the jury's verdict. "Under an advisory sentencing regime, the district court is entitled to determine sentences based upon judge-bound facts and uncharged conduct. … When the district court applies the guidelines in an advisory manner …

5

judicial fact-finding using a preponderance of the evidence standard is permitted." <u>United States v. Shield</u>, 831 F.3d 1079, 1083 (8th Cir. 2016).

Evidence introduced at trial established the defendant was wanted for having failed to appear for a trial in the State of Tennessee.  He was arrested in Furnas County, Nebraska, while on his way north.  The defendant testified he was on his way to visit friends or relatives in Cut Bank, Montana.  In fact, the defendant was headed to Canada to the Tsilhqot'in nation which, according to the defendant's own testimony, was completely surrounded by British Columbia, Canada.

The United States has asked leave of the Court to present additional evidence relevant to this objection.  Specifically, the government will play a three minute excerpt of a jail call recorded while the defendant was an inmate at Phelps County Corrections.  The call is between the defendant and his wife Pat Parsons.  The Court will hear the defendant make the following statements:

> But anyway I got a little-bitty backpack, small back pack that I've got some food in and I put like soap and shampoo and stuff like that in it. Uh that uh my cell phone and ***I bought another disposable cell phone that had international calling so when I got up there I'd be able to call these people because you know my phone doesn't work up there.*** It's like I was telling these people, it's like, what is the problem. I'm not running from anybody.I'm going to work. I've got a job. ***I'm a associate chief justice of the Tsilhqot'in nation and I'm on my way to go to work.***

(Emphasis supplied).  Later in that same call the defendant will be hard to say:

> ***Yeah had I gotten my ass up and gotten the hell outta there an hour earlier I'd been in the Tsilhqot'in nation right now.*** Instead I'm sitting here in a frigging orange jump suit

(Emphasis supplied).  The evidence will conclusively prove the defendant was on his way to Canada when he was arrested.  The defendant's objection should be overruled.

6

**Defendant's objections to paragraph 47 (Obstruction of Justice)**

The defendant objects to paragraph 47 insofar as it assesses a four level enhancement for obstruction of justice. The defendant's arguments are the same as those he lodged against paragraphs 26 and 40. The defendant's arguments have already been addressed in this brief in the section entitled "Defendant's objections to paragraphs 26, 40 (Obstruction of Justice)" found at Page 3. Those arguments will not be repeated here. The reader, instead, is referred to the earlier section.

**Defendant's objections to paragraph 56 (Criminal history)**

The defendant has objected to paragraph 56 which assesses three criminal history points based on the defendant's conviction for felony failure to appear in Tipton County, Tennessee. In fact, the defendant specifically denied having been convicted of this offense during the trial. The United States is in the process of obtaining a certified copy of the conviction from the Tipton County Circuit Court. The records will be introduced at the sentencing hearing. The defendant's objection should be overruled.

**Defendant's objections to paragraph 95 (Calculation of defendant's guideline range)**

The defendant objects to the conclusion that he has a total offense level of 28, a criminal history category of III and a guideline imprisonment range of 97 to 120 months. His objections to paragraph 95 are premised on the same specific objections referenced earlier in this brief. For the reasons stated above, all of the defendant's objections should be overruled as the probation officer accurately calculated his criminal history and offense level. As such, the guideline range is accurate as well. The defendant's objection should be overruled.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits the defendant's objections should be overruled.

UNITED STATES OF AMERICA, Plaintiff

JOSEPH P. KELLY
United States Attorney
District of Nebraska

By:   *s/ Jan W. Sharp*
      JAN W. SHARP (#16934)
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE 68102-1506
      Tel: (402) 661-3700
      E-mail: jan.sharp@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

   Laura L. Baumann
   U.S. Probation

                              *s/ Jan W. Sharp*
                              Assistant U.S. Attorney