IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| United States Of America, | |
|---|---|
| Plaintiff, | 4:17-CR-3038 |
| vs. | TENTATIVE FINDINGS |
| Michael Wayne Parsons, | |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has asserted several objections (filing 160) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing.[1] The defendant has asserted several objections (filing 160) to the presentence report.

First, the defendant objects to the presentence report's description, in ¶24 and ¶¶33-37, of a kidnapping plot that was attempted by associates of the defendant, in an apparent effort to free the defendant. Filing 160 at 1. The defendant objects that the defendant wasn't involved in the plot. Filing 160 at 1. But the presentence report clearly says as much, the Court is aware of it, and nothing in the objected-to paragraphs affected the calculation of the guidelines range. So, it doesn't prejudice

---

[1] The Court notes the defendant's suggestion, in his objections to the presentence report, that he intended to submit a motion for downward departure. Filing 160 at 3. But at this point, no such motion has been filed. *See* filing 157 at ¶6.

the defendant—and, as the government points out, it provides helpful context for other evidence in the record of the kidnapping scheme. *See* filing 163 at 2. The Court's tentative finding is that this objection is without merit.

Next, the defendant objects to the presentence report's assessment of an enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, based on the presentence report's conclusion that the defendant perjured himself when testifying in his own defense. Filing 160 at 1-2. This enhancement does not apply simply because a defendant testified at trial: the Court must find that the defendant gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *United States v. Dunnigan*, 507 U.S. 87, 94-95 (1993). And the government bears the burden of proving the facts necessary to support a finding of obstruction by a preponderance of the evidence. *United States v. Thundershield*, 474 F.3d 503, 507 (8th Cir. 2007). With those principles in mind, the Court will resolve this issue at sentencing *if* the government chooses to pursue the enhancement.

Next, the defendant contends that the evidence was insufficient to establish the four-point enhancement to the offense level provided by U.S.S.G. § 2K2.1(b)(6)(A) when the defendant "possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States." Filing 160 at 2. The government must prove this enhancement by a preponderance of the evidence. *See United States v. Bridges*, 569

F.3d 374, 377 (8th Cir. 2009). Accordingly, the Court will resolve this objection at sentencing.

Finally, the defendant objects to the inclusion in his criminal history of a 2017 Tennessee conviction for felony failure to appear. Filing 160 at 3. The government has the initial burden to prove the fact of conviction, after which the defendant may attempt to prove that the conviction was constitutionally invalid. *United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016). The defendant does not appear to be arguing that the conviction is invalid—rather, the defendant is questioning whether the conviction exists. *See* filing 160 at 3. The government says it does. *See* filing 163 at 7. The Court will resolve this issue on the evidence presented at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 13th day of November, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge