IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| United States of America, | |
|---|---|
| Plaintiff, | 4:17-CR-3038 |
| vs. | |
| Michael Wayne Parsons, | ORDER |
| Defendant. | |

The Court has received a packet of materials from the defendant in this case. At the express instruction of the Court, the Clerk of the Court has filed these materials as three separate filings: a "notice" with respect to the defendant's appointed counsel (filing 167), an objection to the presentence report (filing 168), and a set of exhibits (filing 166).

To begin with, the defendant's "notice" asks for no relief, nor would any relief be appropriate: the Court explained on the record at trial its basis for concluding that the defendant had not demonstrated the capacity for self-representation, and nothing that's happened since then has changed the Court's mind. And the Court has directly observed the diligent, capable work of the defendant's appointed counsel.

The defendant's objections to the presentence report are without merit. He is, for the most part, rehashing baseless arguments about diplomatic immunity and "juristic personhood" that the Court has previously rejected—nor is the Court, at sentencing, going to entertain substantive questions of guilt or innocence that the jury has already resolved. The defendant's Second Amendment argument, filing 168 at 2, is meritless. *See United States v. Humphrey*, 753 F.3d 813, 818 (8th Cir. 2014); *Walters v. Wolf*, 660 F.3d 307,

316 (8th Cir. 2011) *see also District of Columbia v. Heller*, 554 U.S. 570, 627 (2008). To the extent that the defendant is complaining about alleged factual inaccuracies in the presentence report, either in his separate written objection or by interlineation, the Court finds most of his objections to be either irrelevant to the actual calculation of the guidelines range, or based on his meritless legal theories. The Court presided over trial in this matter, and the sentence will be based on the Court's findings from the evidence presented at trial and at the sentencing hearing.[1]

The defendant has also asked for additional time to review a copy of the United States Sentencing Guidelines, which he also demands. Filing 168 at 4. That request will be denied: the defendant is represented by capable counsel who has already lodged *non-frivolous* objections to the presentence report. Filing 160. The Court will also direct the Clerk of the Court to refuse the defendant's demand for file-stamped copies of each of his filings. Filing 166 at 1. The defendant did not provide the Clerk with an additional copy and a self-addressed, stamped envelope, as required by this Court's rules. NECrimR 49.1(f)(3). Electronic copies of the defendant's submission have been filed, and the originals will be discarded. NECrimR 49.1(f)(2).

Finally, the exhibits offered by the defendant (filing 166) relate to either the defendant's frivolous assertion of diplomatic immunity, or collaterally attack his prior Tennessee conviction. The Court has already stated its intent to address the defendant's prior conviction on the evidence presented at sentencing. Filing 165 at 4. However, the Court notes that nothing presented by the defendant in his objection to the presentence report (filing 168) or his

---

[1] The Court notes, however, that the defendant's claim that this case was transferred from North Platte, filing __ at 6, is inconsistent with the record: this case was filed in Lincoln, the defendant moved to transfer it to North Platte, and that motion was denied. *See* filing 73.

sentencing exhibits (filing 166) would meet his burden of showing that his Tennessee conviction, if proved, is constitutionally invalid. *See United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016).

IT IS ORDERED:

1. The defendant's objection to the presentence report (filing 168) is overruled.

2. The defendant's requests for a continuance, a copy of the sentencing guidelines, and file-stamped copies of his filings are denied.

Dated this 15th day of November, 2018.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge