# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3669
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Wayne Parsons

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 11, 2019
Filed: January 7, 2020

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Michael Parsons appeals after a jury found him guilty of being a felon in possession of a firearm, claiming that the the district court[1] erred by denying his Rule

_____

[1]The Honorable John M. Gerrard, Chief United States District Judge for the District of Nebraska.

29 motion for judgment of acquittal because the evidence was insufficient to sustain his conviction. Because we find the evidence was sufficient to support Parson's conviction, we affirm.

## I.     Background

Parsons claims to be an ambassador and diplomat of the Tsilhqot'in (Chilcotin) Nation, located in British Columbia, Canada. In 2009, Parsons was convicted of aggravated assault – a felony offense – in Tipton County, Tennessee. In January 2017, Parsons absconded while on pretrial release awaiting trial on new Tennessee state charges of being a felon in possession of a firearm. A warrant was issued in Tennessee for his failure to appear.

On January 11, 2017, Parsons piloted a small plane to the Arapahoe Airport located in Furnas County, Nebraska. It appears that Parsons was en route to the Tsilhqot'in Nation in Canada. That same day, law enforcement officers triangulated Parsons' cell phone activity to the area surrounding the Arapahoe Airport. Parsons elected to sleep in the airport overnight and was arrested at the airport the next morning by officers from several state and federal agencies. Because the law enforcement officers mistakenly believed that Parsons had arrived by motor vehicle, they did not impound or search Parsons' plane at the time of Parsons' arrest. It is undisputed that the plane remained in the hangar for approximately two months, and that several people had access to the plane during this time.

On March 22, 2017, officers from the Federal Bureau of Investigation searched the plane pursuant to a warrant and discovered an AR-15 style rifle, three fully-loaded 30-round magazines and additional ammunition. Items bearing Parsons' name, including an insurance application and a hangar receipt, were found near the gun. Parsons was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Parsons elected to proceed to trial *pro se*. The jury heard evidence related to the plane and its contents. The evidence included excerpts from three recorded jail calls made by Parsons prior to the search of the plane. During the recorded calls Parsons alluded to items (which he referred to as "gifts" and the "nation's items") that were left in the plane and that needed to be removed from the plane immediately.

Law enforcement traced and testified about the provenance of the gun, showing an original purchase in Alabama in 2006 by Matthew Lovan. Lovan testified that he sold the gun to Parsons in 2008 and he never saw it again. Parsons himself testified that he purchased a gun from Lovan, and he admitted that the firearm found in the plane appeared to be the same gun that he purchased from Lovan. Notwithstanding this admission, Parsons claimed to have traded the gun to a friend who later passed away.

After the government rested, Parsons moved for a judgment of acquittal under Fed. R. Crim. P. 29, which the district court denied. Parsons was convicted, and the district court imposed a below-guidelines sentence of 84 months' imprisonment. Parsons now appeals, contending insufficiency of the evidence. He asserts the district court erred when it denied his Rule 29 motion. Parsons claims the evidence failed to establish he "knowingly" possessed a firearm because the airplane where the gun was found had been left unlocked and unattended before law enforcement officers found the gun.

## II. Discussion

We review sufficiency of the evidence in a criminal case *de novo*, viewing the evidence "in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Morris, 723 F.3d 934, 938 (8th Cir. 2013) (quotation omitted). Reversal is warranted only when "no reasonable jury could find all the elements

beyond a reasonable doubt . . . ." United States v. Wiest, 596 F.3d 906, 910 (8th Cir. 2010).

Until recently, possession of a firearm by a convicted felon required the Government to prove three elements: "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce." United States v. Montgomery, 701 F.3d 1218, 1221 (8th Cir. 2012). See 18 U.S.C. § 922(g). The Supreme Court has added a fourth element: (4) that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif v. United States, ___ U.S. ___, 139 S.Ct. 2191 (2019).[2] Parsons challenges only the second element, arguing that the evidence was insufficient to prove he knowingly possessed the firearm.

Possession of a firearm may be actual or constructive. United States v. Garrett, 648 F.3d 618, 622 (8th Cir. 2011). To show constructive possession, the government must prove that the defendant had "dominion over the premises where the firearm

---

[2]Rehaif was decided after the filing of this appeal, and Parsons has not raised a Rehaif argument here. Nevertheless, we find that such an argument would be without merit. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 734 (1993) (elements of plain error review); United States v. Hollingshed, 940 F.3d 410, 415 (8th Cir. 2019) (considering a Rehaif argument raised while the direct appeal was pending because "Supreme Court decisions in criminal cases apply to all cases pending on direct review"). At the time of his arrest, Parsons had absconded from pretrial release in Tennessee, while awaiting trial on state charges for being a felon in possession of a firearm. He served more than two years in prison for the underlying aggravated felony assault conviction. Thus, even assuming that Rehaif applies and some error occurred, Parsons cannot show a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." United States v. Valquier, 936 F.3d 781, 785 (8th Cir. 2019); see Rehaif, 139 S.Ct. at 2198 (doubting that the obligation to prove a defendant's knowledge of his status will be burdensome because knowledge can be inferred from circumstantial evidence).

-4-

[was] located, or control, ownership, or dominion over the firearm itself." United States v. Maxwell, 363 F.3d 815, 818 (8th Cir. 2004), cert. denied, 543 U.S. 1154, 125 S.Ct. 1293 (2005). "Constructive possession may be established by circumstantial evidence alone, but the government must show a sufficient nexus between the defendant and the firearm." United States v. Evans, 431 F.3d 342, 345 (8th Cir. 2005). Indeed, "a jury rarely has direct evidence of a defendant's knowledge, [and] it is generally established through circumstantial evidence." United States v. Smith, 508 F.3d 861, 867 (8th Cir. 2007) (quoting United States v. Ojeda, 23 F.3d 1473, 1476 (8th Cir. 1994)). This is true even if other people had access to the location where the firearm was found. See, e.g., United States v. White, 816 F.3d 976 (8th Cir. 2016) (finding constructive possession where others had a key to the storage unit where the gun was found and circumstantial evidence showed defendant had knowledge of the storage units contents).

Here, on two occasions, Parsons himself provided evidence to support a finding that he knowingly possessed the gun: first, in the recorded jail calls when he referenced items that needed to be removed from the plane; and, second, when he admitted at trial that the gun looked like the firearm he purchased from Lovan. Lovan testified that it was the same gun he sold to Parsons in Alabama in 2008.

Parsons' claim that the firearm's presence on the plane piloted by him to Nebraska is a surprising and inexplicable coincidence strains credulity. Parsons had dominion over the plane when he flew from Tennessee to Nebraska. The gun was found near personal items that belonged to Parsons. And, Parsons had recently absconded from Tennessee while awaiting trial on a state charge for being a felon in possession of a firearm.

Taken together, there was sufficient evidence to establish a nexus between Parsons and the gun. The district court did not err in denying Parson's Rule 29 motion for judgment of acquittal.

## III. Conclusion

The judgment of the district court is affirmed. Parsons' remaining motions for stay, for release from custody, and for return of his property are denied.

KELLY, Circuit Judge, concurring.

I concur in all aspects of the opinion except footnote 2.

_____